## BENJAMIN HYPES

*v.*

## CHARLES GRIFFIN, Admr. etc.

1. CONTRACT—*as to personal liability of parties signing.* A promissory note reading: "On the 9th of October, 1867, we, the trustees of the Methodist Episcopal Church in Lebanon, promise to pay C D, or to his order," $2000, "with interest," etc., and signed and sealed with hands and seals of certain persons, without any official designation to their names, is the individual note of the parties signing it.*

2. PAROL EVIDENCE—*to show whether maker of note is personally bound.* Parol evidence can not be admitted to exonerate an agent or trustees of a religious society who have entered into a written contract in which he or they appear as principal or principals, even though it be shown that the payee had notice of the agency at the time the contract was executed.

3. Where a note shows upon its face an absolute undertaking by the parties executing it to pay a sum of money by them, it can not be shown by parol that they were in no event to incur any personal liability, and were only acting for and on behalf of another.

4. SAME—*when principal or agent is liable on contract.* But, it seems, although an agent may contract in his own name, still, in a suit against the alleged

---

* On the same subject, see *Little, Admr.* v. *Bailey et al.* 87 Ill. 239, and *Trustees of Schools of Village of Cahokia* v. *Rautenberg*, 88 Ill. 219, and note.

principal, it is competent to show by parol the real facts, and that the contract was made on behalf of the principal, who also may be charged. In such case the promisee may bring his action against either party.

5. It also seems to be settled, where a party signs his name as cashier or agent for a banking, railroad or other corporation in drawing drafts and bills or in accepting drafts or other evidences of indebtedness, in its ordinary business, if it appears it was the obligation of the corporation, and the cashier or agent had authority to bind it, he will not be personally liable, and the facts may be shown by extrinsic evidence. But this rule does not apply to a case where the makers of a note contract in their own names, on behalf of a corporation not dealing in negotiable securities, or engaging in a business requiring the payment of moneys as a part of its legitimate business.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was an action of debt, brought by Charles Griffin, administrator of the estate of Joseph Griffin, deceased, against Henry Brown, Thomas H. Shepherd, Benjamin Hypes and Zeno Scott, upon a promissory note of which the following is a copy:

"*Lebanon, Ill., July* 6, 1867.

"On the ninth day of October, 1867, we, the trustees of the Methodist Episcopal Church in Lebanon, promise to pay to Joseph Griffin, or to his order, $2000, with interest at the rate of ten per cent per annum from October 9, 1866. Witness our hands and seals.

| Henry Brown. | [seal] | Benjamin Hypes. | [seal] |
| T. A. Shepherd. | [seal] | Zeno Scott. | [seal]" |

Mr. JAMES M. DILL, Mr. WILLIAM C. KUEFFNER, and Mr. HENRY H. HORNER for the appellant.

Mr. MARSHALL W. WEIR, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Omitting the date and signatures of the makers, the note, which is the subject of this litigation, is, "On the 9th of October, 1867, we, the trustees of the Methodist Episcopal Church

in Lebanon, promise to pay to Joseph Griffin, or to his order, $2000, with interest at the rate of ten per cent per annum, from October 9, 1866," and was signed with the hands and seals of the makers. But one of the parties sued appears in this court, and that is appellant, Hypes. With the general issue, this defendant filed a special plea, the substance of which is, that the payee of the note, since deceased, was a member of the Methodist Episcopal Church at Lebanon, and well knew that defendant signed the note in his capacity of trustee, and that it was understood and agreed between the payee and defendant that defendant should not be individually or personally liable to the payee on account of having signed the writing; that the trustees of the church had executed and delivered to the payee a mortgage on church property to secure the note by them signed, and that it was well understood by the payee, when defendant and the other makers executed the note, they were acting in their capacity of trustees of the church; that they intended to obligate the church corporation, having full authority in that regard, and did not intend to bind themselves personally or individually by their writing. A demurrer interposed to that plea was by the court sustained, and, defendant electing to stand by his plea, that decision is assigned for error.

It is conceded that, under the decision in *Powers* v. *Briggs et al.* 79 Ill. 493, the note in suit, unexplained, is the individual note of the parties signing it. The instrument declared on in the case cited was in the exact form of the one in this case, and if all extrinsic evidence of a contemporaneous oral agreement as to the liability of the makers is to be excluded, the principle of that case is conclusive of the one at bar.

The question made on the plea is, can the facts alleged be shown by extrinsic evidence—by parol testimony? Counsel for defendant assert with great confidence the affirmative of this proposition, but we can not yield our assent to that view of the law. On the face of the instrument signed by defendant, his undertaking is absolute; and to permit him to show

by oral testimony that in no event was he to incur any personal liability by the writing, would be to contradict and vary the terms of his positive written agreement. Whatever may be the decisions elsewhere on analogous questions, the authorities in this State are full to the point that a party will not be permitted to show by oral testimony that his written agreement was not, in fact, to be binding on him. *Mann* v. *Smyser*, 76 Ill. 365. The principle has been declared by other courts. In *Nash* v. *Towne*, 5 Wall. 689, it was said, "parol evidence can never be admitted for the purpose of exonerating an agent who has entered into a written contract in which he appears as principal, even though he should propose to show, if allowed, that he disclosed his agency and mentioned the name of his principal at the time the contract was executed." The same doctrine was enunciated in *Magee* v. *Atkinson*, 2 M. & W. 439, and in *Higgins* v. *Senior*, 8 M. & W. 834.

The makers of this note chose to bind themselves individually, under their hands and seals, without the use of any apt words in the agreement to bind the corporation of which they were trustees. Had it been the intention to charge the corporation exclusively, we must understand the agreement would have been expressed in the writing to that effect at the time. 1 Greenlf. Ev. sec. 275; 2 Kent Com. 746.

Were this an action against the corporation, on an agreement in the individual names of the trustees, a very different question would be presented, and many of the authorities cited would be in point. Some of the cases do hold the well understood doctrine, although the agent may have contracted in his own name, nevertheless, it is competent to show by parol the real facts, and that the contract was made on behalf of the principal, who may also be charged. In such cases, the principle is, the promisee may bring his action against either party, at his election. *Nash* v. *Towne, supra; Mechanics' Bank* v. *Bank of Columbia*, 5 Wheat. 326; *Rich.,Fred. and Pot. Railroad Co.* v. *Smead et al.* 19 Gratt. 354.

The cases on the branch of the law discussed are very numerous, and are by no means harmonious. It seems to be settled, so far as there is any well defined rule on this subject, that where a party signs his name as cashier or agent for a banking, railroad or other corporation, in drawing drafts and bills, or in accepting drafts or other evidences of indebtedness, in its ordinary business, if it appear it was the obligation of the corporation, and the cashier or agent had authority to bind the corporation, he is not personally liable, and the facts may be shown by extrinsic evidence. Commercial usage regards such paper as the obligation of the corporation, and not of the agent issuing it. But the principle enunciated in this class of cases has no application to a case like the one at bar, where the makers of the note chose to contract in their own names, on behalf of a corporation not dealing in negotiable or other securities, nor engaged in any business requiring the payment of moneys as a part of its legitimate business. So far as this record discloses, this was a single transaction, and defendants chose to bind themselves personally, although the money may have been obtained for the benefit of the corporation for which they were acting.

Extrinsic evidence is sometimes admissible, in another class of cases, to exonerate the makers from personal liability. It is where the instrument is signed in the official capacity of the parties sought to be charged, as president and secretary of the corporation, and the debt is that of the corporation. Even if this doctrine can be maintained by the weight of authority, it has no application to the case in hand.

The judgment is warranted by the law and the evidence, and must be affirmed, which is done.

*Judgment affirmed.*