# THE NEW MARKET SAVINGS BANK

*v.*

## PAUL W. GILLET.

*Filed at Ottawa September 26, 1881.*

1. INCORPORATED RELIGIOUS SOCIETIES—*of the proper mode of executing written instruments by them.* The proper mode of executing a promissory note by a religious society or congregation incorporated under our statute, is by the use of the individual names of the trustees, with their corporate name appended.

2. Some of the requirements in respect to the mode of executing deeds of conveyance of real estate by such corporations, as held in *Lombard* v. *Chicago Sinai Congregation*, 64 Ill. 487, do not apply to a promissory note. There is no granting or concluding clause in the latter; the name of the promisor need not appear therein at all; the signature thereof to the note is enough.

3. SAME—*in the particular case—whether the individual note of the persons signing, or that of the corporation.* In this case the note read, "eighteen months after date, we, the trustees of the First Free Will Baptist Society of Chicago, promise to pay," etc., and was signed by several persons, with the words, "Trustees of the First Free Will Baptist Society of Chicago, Ill.," appended. The words so used as characterizing the persons whose names were signed to the note, and also as used in the body of the note, constituted the proper corporate name of the corporation in behalf of which the signers purport to have acted. It was *held*, the note was not the individual note of the persons signing it, but that of the corporation named therein.

4. There is a distinction to be taken between such a case, where the name used, both in the body of the note and as appended to the signatures of the persons signing the same, was the proper corporate name of the society, and those cases in which the names or designations used were not the *corporate* name, and where it was therefore held that the instruments sued upon were not the obligations of the corporations, but the individual obligations of the persons signing them.

5. The use of the word "we," the trustees, etc., in the note in the present case, should not be given the effect to leave it doubtful on the face of the instrument as to who is bound. The designation following the pronoun "we" being the corporate name, it should be understood as meaning that "we," the corporation, promise to pay. The word "we" may not improperly be used to denote a corporation aggregate.

6. Nor was it essential to the binding effect of the note as a corporate act, that the word "as" should have been employed after the word "we," so as to

read, "we, *as* the trustees, etc., promise to pay." Where there is no other name or description appearing, either in the body of the note or in the signature to it, than that of the corporate name of the society, as appears in this case, the use of the word "as," in the connection named, should not be regarded as important to give the transaction the character of a corporate act.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action of assumpsit, brought by the New Market Savings Bank, upon a promissory note. The declaration contained the common counts, and two special counts, the note sued upon being alleged to have been made by Gillet and others to Longley, and by him assigned to Chase and others, and by them to the plaintiff. Gillet alone was served. The purpose of the suit was to recover against the defendants as the individual makers of the note, and the defence was that the note sued upon was not the individual note of the persons signing it, but was the note of the corporation named therein. Upon this issue the plaintiff recovered in the circuit court, but on appeal by the defendant to the Appellate Court the judgment of the circuit court was reversed. The plaintiff thereupon appealed to this court.

Mr. W. T. BURGESS, for the appellant, in favor of the view that the note sued upon was the individual note of the persons signing the same, and not that of the corporation named therein, cited *Powers* v. *Briggs,* 79 Ill. 493; *Bradlee* v. *Boston Glass Co.* 16 Pick. 350; *Lombard* v. *Chicago Sinai Congregation,* 64 Ill. 487.

Messrs. HOLDEN & FARSON, for the appellee, contended that the note sued on was that of the corporation, and not the individual note of the persons signing it. Counsel reviewed the cases cited in support of the ruling in *Powers* v. *Briggs,* 79 Ill. 493, and deduced therefrom this rule:

Where the body of the instrument discloses the relation of agent or officer, and there is also anything pertaining to the signature indicating other than a personal act, the principal is bound and the agent or officer is exempt. But where the fact of agency or office is disclosed, either in the body *or* signature, that disclosure alone will not exempt the agent or officer unless the promise is clearly stated to be his promise as agent or officer, or is stated to be the promise of the principal.

Counsel said: The rule which we contend for is plainly seen to underlie the decision in *Barlow* v. *Cong. S.* 8 Allen, 460, in which the note reads: "I, as treasurer, etc., promise," and signed "S. S. R., treasurer," in which he was held not liable, and the court says, on p. 464: "But whenever it appears upon the face of a simple contract, made by the agent of one named therein, * * * that he acts as agent *or intends to bind his principal,* the law will give effect to the intention in whatever form expressed." (See 21 Conn. 627, and 2 Fair. 267, as to form.)

The following cases were cited as furnishing instances where the agent was exempted and the principal held bound: *Johnson* v. *Smith,* 21 Conn. 627; *Draper* v. *Mass. S. H. Co.* 5 Allen, 339; *Fuller* v. *Hooper,* 3 Gray, 334.

Counsel also cited the following, as in support of the rule contended for: *Waugh* v. *Suter,* 3 Bradw. 274; *Abbey* v. *Chase,* 6 Cush. 56; *Page* v. *Wright,* 14 Allen, 182; *Tripp* v. *Swanzey P. Co.* 13 Pick. 291; *Sefts* v. *York,* 4 Cush. 371; *Shelton* v. *Darling,* 2 Conn. 435; *Hovey* v. *Magill,* 2 id. 680; *Magill* v. *Hinsdale,* 6 id. 465; *Rathbon* v. *Bridlong,* 15 Johns. 1; *Bank of A.* v. *Breillat,* 6 Moore, P. C. 152; *Lewis* v. *Nicholson,* 18 Q. B. 503; *Green* v. *Kopke* 18 Com. B. 549; *Des. L. of P.* v. *Bellamy M. Co.* 12 N. H. 205; *Brockway* v. *Allen,* 17 Wend. 40; *Mechanics' Bank* v. *Bank of C.* 5 Wheat. 326; *Drake* v. *Llewellen,* 33 Ala. (N. S.) 106; *Lazarus* v. *Shearer,* 2 id. 718; *Lee* v. *M. E. Church,* 52 Barb. 116; *Stan-*

*ton* v. *Camp,* 4 id. 274; *Blanchard* v. *Kaull,* 44 Cal. 440; *Pitman* v. *Kintnee,* 5 Blackf. 250; *Carpenter* v. *Farnsworth,* 106 Mass. 561; *Dow* v. *Moore,* 47 N. H. 419; *Haskell* v. *Cornish,* 13 Cal. 45; *Randall* v. *Van Vechten,* 19 Johns. 60; *Draper* v. *M. S. H. Co.* 5 Allen, 338; *Long* v. *Coburn,* 11 Mass. 97; *Keyes' Exr.* v. *Paraham,* 6 Har. & Johns. 418; *Hall* v. *Pierce,* 35 Md. 327; Parsons on Notes and Bills, 91, 92, 168, 169, 170; *Melledge* v. *Boston Iron Co.* 5 Cush. 158; *Minard* v. *Mead,* 7 Wend. 68; Story on Prom. Notes, sec. 67.

But counsel insisted that the note in suit is essentially different from that in the *Powers case.*

The first distinction is in the names used in the notes. The name used in the Powers note was not the corporate name of the trustees. Their corporate name was, "The Trustees of the Society of the Seventh Presbyterian Church of Chicago." In the note in suit the proper corporate name of the individuals signing is used.

The second distinction is, that the proper corporate name of the trustees is the signature of the note in suit, while it was not in the Powers note.

The court says, on page 494, in the *Powers case,* that "the general rule appears to be, when the names of the principal and agent both appear upon the instrument, it will be held to be the note of him who signs it, unless it satisfactorily appears that he signed it in a mere ministerial character, intending to bind another."

We claim that the component parts of this signature, and their relative position, indicate that the signature is that of the trustees officially.

The statute in force when this note was made provides that the persons who are trustees shall be "styled trustees of such society or congregation by the name assumed." Chap. 25, div. 3, sec. 1, Gross' Stat. 1871, p. 110, being the same as sec. 44, Rev. Stat. 1845, p. 120.

The use of the individual names of the trustees, with their corporate name appended, has been declared by our Supreme Court to be the proper use of the corporate name in a corporate act. *Lombard* v. *Chicago Sinai Cong.* 64 Ills. 487; *Ada Street Church* v. *Garnsey,* 66 id. 132; *Little* v. *Bailey,* 87 id. 240. So that this note was properly signed with the corporate name of the society, and if so, there was no individual signatures to the note. Each trustee's name was necessary to fully authenticate the use of the name of the society, and to form a component part of it.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The note sued on is as follows:

"$8300. CHICAGO, *20 January, 1870.*

"Eighteen months after date, we, the trustees of the First Free Will Baptist Society of Chicago, promise to pay James Longley, or order, $8300, with interest thereon, semi-annually at the rate of ten per cent per annum, payable at the Commercial National Bank of Chicago, Illinois.

Trustees of the First Free Will Baptist Society of Chicago, Illinois.

$$\left\{\begin{array}{l}\text{AARON P. DOWNS,}\\ \text{PAUL W. GILLET,}\\ \text{JOHN G. ELKINS,}\\ \text{BENJAMIN CHASE,}\\ \text{HIRAM WATTS,}\\ \text{PLEASANT AMICK,}\\ \text{WILSON F. BEHEL,}\\ \text{HENRY G. RICHWALD,}\\ \text{JOHN A. BARTLETT."}\end{array}\right.$$

The question made upon this record is, whether this note, as it purports upon its face, is the individual note of the persons signing it, or that of the corporation named therein.

*Powers* v. *Briggs,* 79 Ill. 493, is cited by appellant's counsel as sanctioning the construction that the signers are individually liable. The form of the note there was this:

"$600.                              CHICAGO, *May 17, 1870.*

"One year after date, we, the trustees of the Seventh Presbyterian Church, promise to pay to the order of H. G. Powers, $600, value received, with interest at six per cent per annum.

A. H. BRIGGS,
LOUIS B. KELLEY,
JOHN CORBETT,
F. D. MARSHALL,
*Trustees.*"

There is a material distinction between the instruments in the two cases, and one well admitting a difference of construction. In the *Powers case,* the name used in the body of the note was not that of the religious society there, their corporate name being "Trustees of the Society of the Seventh Presbyterian Church of Chicago," and the signature to the note was not the corporate name of the society, whereas, here the proper corporate name of the corporation on behalf of which defendant claims to have acted, appears in the body of the note and in the signature to it. Its name was "The Trustees of the First Free Will Baptist Society of Chicago." *Ada Street M. E. Church* v. *Garnsey,* 66 Ill. 133.

In no case which has been cited, nor in any other case of any such instrument which has ever previously been before this court, where there has been held to be individual liability, did the proper corporate name of the corporate body, as here, appear in the body of the note, and also appear signed to the note. In *Village of Cahokia* v. *Rautenberg,* 88 Ill. 219, the form was in the body of the note, "I promise to pay to," etc., signed by two individual names, with "School Trustees" added. In *Hypes* v. *Griffin,* 89 Ill. 134, the note was signed and sealed with the hands and seals of certain persons, without any official or other designation whatever to their names.

The statute relating to the incorporation of religious societies, in force at the time this note was made, provided that "such society or congregation may assume a name, and

elect or appoint any number of trustees, not exceeding ten, who shall be styled trustees of such society or congregation by the name assumed, and the title to the land purchased and improvements made shall be vested in the trustees, by the name and style assumed as aforesaid." The trustees and their successors are given perpetual succession, and are to sue and be sued, etc., "in and by the name and style assumed as aforesaid."

As to the proper mode of the execution of instruments in writing by such a corporation, this court has declared it to be by the use of the individual names of the trustees, with their corporate name appended, saying, in the case of *Lombard* v. *Chicago Sinai Congregation*, 64 Ill. 487, with reference to the execution of a deed of land belonging to such a corporation, that "the sufficiency of the deed required that the individual names of the trustees should be inserted as grantors, with the addition of the words, 'Trustees of the Chicago Sinai Congregation.' * * * The concluding clause should be, that the said parties of the first part, as such trustees as aforesaid, have hereunto set their hands and seals, or their official style should be added to their signature." And see *Ada Street M. E. Church* v. *Garnsey, supra*, that such a corporation must sue and be sued through its trustees.

So far as would respect the execution of a note on the part of the corporation, it is not perceived why the one in suit is not executed in conformity with the mode above directed; but as showing a failure so to do, stress is laid by appellant's counsel upon the following additional language which was there used, viz: "The granting clause should witness that the said parties of the first part, as trustees of, for, and by the direction of the congregation aforesaid, for the consideration, etc., have bargained. In this respect the deed was not sufficiently certain." As to conveyances of real estate, the power to make them is, in terms, given only under the direction of the society or congregation, and thus the propriety that a con-

veyance of real estate should show on its face such direction. The remarks above in that case were with reference to a deed under the direction of a court of chancery, and as the kind, in form, of such a deed which a purchaser was entitled to require, it being said that it should be correct in form, and so executed as to show it upon its face to be free from all probable doubt or suspicion. The significance of the decision, as applied to the case in hand, is, that the mode of execution should be by the signature of the individual names of the trustees, with the addition thereto of their official style. All the observations with regard to a deed would not, of course, apply to a note. There is no granting or concluding clause in the latter; the name of the promisor need not appear therein at all; the signature thereof to the note is enough. The signature here is that of the corporate name of the corporation, and of that alone. The individual names of the trustees are no individual signatures, or individual acts, but a component part of the signature of the corporate name, in the form that it is required to be made, under our own decision above in that regard.

It is said that the use of the word "we" in the note, in its connection, to-wit: "we, the trustees," etc., leaves it doubtful on the face of the instrument who is bound. But how can this be? "We" is immediately followed by "the trustees of the First Free Will Baptist Society of Chicago," and that is the corporate name of a corporation. How can this pronoun denote any one else than the corporation whose corporate name immediately follows it? No one else is named in the body of the note nor in the signature to it, as the only name subscribed is the corporate name of the corporation, the individual names of the trustees being used only in connection with their official style, and their use in such connection being in the required mode of making a corporation signature, as laid down in *Lombard* v. *Chicago Sinai Congregation.*

It is, then, "we" the trustees of the First Free Will Baptist Society of Chicago,—we, the corporation, by this our corporate name,—who make the promise, and not "we," Aaron P. Downs and the eight other trustees whose names appear to the note. It might have been better to have omitted this word "we," and had it been omitted, the mode of the execution of the note, as a note of the corporate body, would appear to be unexceptionable in form. But it is usual in making promissory notes to use the personal pronoun of the first person singular or plural; and if it were to be used in this case, manifestly the plural would be more proper than the singular form,—"we, the trustees," etc., than "I, the trustees," etc. The word "we" may not improperly be used to denote a corporation aggregate.

Another criticism which is made is, that to make this a corporate act the word "as" should have been employed after the word "we," so as to read, we *as* the trustees, etc., promise, etc.,—that that would have changed the word trustees from being a description of the person to a qualification of the act, making it the act of some one else. Where there is no other name or description appearing, either in the body of the note or in the signature to it, than that of the proper corporate name of the society, as appears here, the use of this word "as," in the connection named, should not be regarded as important to give to the transaction the character of a corporate act.

There is no occasion to advert to the various decisions involving the execution of written instruments by agents for principals, and where the agent, or principal, has been held bound according to the particular form in which the instrument may have been drawn and signed. They are not parallel cases with the one at bar. For its decision one need look no further than to our statute prescribing the corporate name of these incorporated religious societies, and what this court has laid down heretofore, that the use of the

individual names of the trustees with the statutory corporate name appended, is the proper mode of the using of the corporate name in the execution of a written instrument, so as to bind the corporation.

It would seem therefrom that this note was executed officially, not individually,—that the signature thereto is that of the corporate name of the corporation, and none other,—that the individual names of the trustees there, in the connection they appear, were not signed as individual acts, but in the performance of a corporate act, in order to the execution of the note in proper form as a note of the corporation, and that hence the note is that of the corporation, made by it under its corporate name, and not the note of the individual trustees.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*