# JOHN SCANLAN

## v.

# SAMUEL L. KEITH.

*Filed at Ottawa May 12, 1882.*

1. CONTRACT—*of the parties thereto—whether the obligation of a corporation, or the individual obligation of the officer executing the same—estoppel.* Where a person, in his dealings with a corporation, has accepted a promissory note for money due him from the corporation, and subsequently, in a suit upon the note, against the corporation as such, recovers judgment, he ought to be forever thereafter estopped to assert that the note was the individual obligation of the officer executing it on behalf of the corporation.

2. SAME—*admissibility of extrinsic evidence to show who ought to be bound.* A party will not be permitted to show by oral testimony that his written agreement, understandingly entered into, was not in fact to be binding on him. So it has been held, where trustees of a church corporation made a note in their individual names, although they described themselves as trustees of the church, parol evidence was inadmissible to show it was the intention of the parties that it was to be the note of the church corporation, and not that of the trustees executing it;—the principle being that such instruments will be construed as the parties made them, without the aid of extrinsic evidence.

3. But there is another principle:—that where a person signs his name as cashier or agent for a banking, railroad or other corporation, in drawing drafts and bills, or in accepting drafts or other evidences of indebtedness, in its ordinary business, if it appears, or is made to appear, it is the obligation of the company, and the cashier or agent or other officer had authority to bind the corporation, he is not personally liable, and the facts,—collateral though they may sometimes be,—may be shown by extrinsic evidence, in order that it may appear whose obligation it is.

4. In this case, assumpsit was brought upon a promissory note, against A B, who, it was alleged, made the note jointly with C D. The note sued upon was as follows: "Ninety days after date we promise to pay to the order of" E F, a certain sum of money, at a specified place, and was signed underneath, at the right hand, A B, "Pres't Chicago Ready Roofing Company," and at the left hand, at the usual place for the signature of an attesting witness, it was signed C D, "Sec'y," with the seal of the "Chicago Ready Roofing Company" attached. The defence was that the note was the obligation of the "Chicago Ready Roofing Company," claimed to be a corporation, and not the individual obligation of the officers who executed the same. It was held to be competent for the defendant to prove that the "Chicago Ready Roofing

Company" was a corporation existing under the laws of this State, and the character of the business carried on by it, and other extrinsic facts and circumstances attending the transaction, as tending to show whether the note was that of the corporation, or of the persons whose names were signed to it.

5. Same—*and herein, as to the sufficiency of the proof.* Upon the question as to the proof required in such case to establish the existence of the corporation, its legality not being in issue, it would seem, for the purposes of the defence interposed, it was sufficient to show it was a *de facto* corporation, actually engaged in the business for the carrying on of which it purported to have been organized, and this was sufficiently proven by the fact that the plaintiff had transacted business with it as a corporation, and in that way recognized its existence.

6. So taking all the facts appearing,—the existence of the corporation; its engaging in the business for which it purported to have been organized; the dealings of the plaintiff with it as a corporation; the fact the note was for a balance due from the corporation for materials sold to it by the plaintiff; that the signers were the president and secretary of the company, and known to the plaintiff to be such; taking a note executed by the officers of the company, with its corporate seal attached, and finally, suing upon the note as the obligation of the corporation, and recovering judgment thereon,—they abundantly show the real character of the instrument as that of the corporation, and not of the individuals who signed it.

7. Same—*whether extrinsic proof required at all.* But, in determining the question of liability upon this particular note, it was considered as apparent on the face of it that it was executed by the signers in their capacity as officers of the corporation,—their official character or designation, and the corporate seal being attached,—and no extrinsic facts were necessary to be shown.

8. Nor need any importance be attached to the use of the words "we" promise to pay, in the body of the note. The word "we" may not improperly be used to denote a corporation aggregate, such as this is, and in the connection in which it is used in this note it may more appropriately be regarded as referring to the corporation rather than the persons, as individuals, who signed the instrument.

9. Law and fact—*as to legal existence of a corporation.* Whether a corporation is legally constituted, involves questions of fact and of law. The things done under the statute, in and about the organization, are, of course, facts susceptible of direct proof, but, whether the things, *when* done, constitute a legal corporation, is a question of law.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

636                     SCANLAN *v.* KEITH.                     [May

Mr. M. W. FULLER, for the appellant:

The proper inquiry is, by whom does the promise purport to be made from the face of the paper? If the promise purports to be made by or in behalf of the corporation, it alone is bound. *Mott* v. *Hicks*, 1 Cow. 515.

Where there are no words in the note importing an undertaking on the part of the corporation, the signers thereof, though described as officers of the corporation, will be held liable, and not the corporation. *Barker* v. *Mechanics' Ins. Co.* 3 Wend. 94; *Hypes* v. *Griffin*, 89 Ill. 134; *Trustees, etc.* v. *Rautenberg*, 88 id. 219; *Little* v. *Bailey*, 87 id. 239; *Burlingame* v. *Brewster*, 79 id. 515; *New Market Savings Bank* v. *Gillet*, 100 id. 254; *Gillett* v. *Bank*, 7 Bradw. 499; *Stobie* v. *Dills*, 62 Ill. 432; *Duncan* v. *Niles*, 32 id. 532; *Morrell* v. *Codding*, 4 Allen, 403; *Packard* v. *Nye*, 2 Metc. 47; *Simons* v. *Heard*, 23 Pick. 130; *Fisk* v. *Eldridge*, 12 Gray, 474; *Haverhill M. F. Ins. Co.* v. *Newhall*, 1 Allen, 130; *Seaver* v. *Coburn*, 10 Cush. 324; *Barlow* v. *Cong. Society in Lee*, 8 Allen, 460; *Williams* v. *Robbins*, 16 Gray, 77; *De Witt et al.* v. *Walton*, 5 Seld. 571; *Moss* v. *Livingston*, 4 Comst. 208; *Hills* v. *Bannister*, 8 Cow. 31; *Leach* v. *Blow*, 8 S. & M. 221; *Sturdivant* v. *Hull*, 59 Maine, 172.

Where, upon the face of a note, the signer appears to be personally liable, extrinsic evidence to show it is the note of a corporation, and not that of the signer, is inadmissible, as its effect is to change the legal effect of the instrument by parol testimony. *Hypes* v. *Griffin, Admr.* 89 Ill. 134; *Sturdivant* v. *Hill*, 59 Maine, 172; *Andrews* v. *Estes*, 11 id. 270; *Hancock* v. *Fairfield*, 30 id. 299; *Slawson* v. *Loring*, 5 Allen, 342; *Draper* v. *Mass. Steam Heating Co.* id. 338; *Barlow* v. *Cong. Society in Lee*, 8 id. 460; *T. M. Co.* v. *Fairbanks*, 98 Mass. 105, and cases cited; *Savage* v. *Rix*, 9 N. H. 269; *Simons* v. *Heard*, 23 Pick. 120.

If it is contended that this is a case of principal and agent, and that parol evidence is always admissible to charge an

alleged principal, and that it therefore follows it is equally
so to discharge the alleged agent, the position is erroneous
upon two grounds :

*First*—That it does not follow in those cases where parol
evidence is admissible to charge an alleged principal, it is
therefore admissible to discharge an alleged agent. *Higgins*
v. *Senior*, 8 M. & W. 834; *Huntington* v. *Knox*, 7 Cush. 374;
*H. M. F. Ins. Co.* v. *Newhall*, 1 Allen, 130; *Hypes* v. *Griffin*,
89 Ill. 137.

*Second*—That so far as negotiable paper is concerned, parol
evidence is not admissible to charge an undisclosed principal,
or to discharge the agent. *Bank* v. *Hooper*, 5 Gray, 567;
*Nash* v. *Town*, 5 Wall. 689; *Beckham* v. *Drake*, 9 M. & W.
79; *Williams* v. *Robbins*, 16 Gray, 77; *DeWitt* v. *Walton*,
5 Seld. 573.

The suit and judgment against the company created no
estoppel, nor has the doctrine of "election" any application.
The doctrine of election can be invoked only in cases where
the question is material to whom the credit was given.

The defendant can not say that the note is the note of the
Ready Roofing Company, and that concern having no legal
existence, he is personally bound.  So if an agent acts with-
out authority, or transcends his authority so that the princi-
pal can not be held, the act is his own, and he is personally
liable.  *Wheeler* v. *Reed*, 36 Ill. 91; *Mott* v. *Hicks*, 1 Cow.
536; *Draper* v. *Massachusetts Steam Heating Co*. 5 Allen, 338.

Messrs. SCHUYLER & FOLLANSBEE, for the appellee :

The note is signed by the president, with the name of the
company attached to his signature.  It is also countersigned
by the secretary, as secretary of the company, and he has
attached the official seal of the corporation.  The evidence
shows that this was done as a part of the execution of the
note, in the presence of the plaintiff, and before delivery, and
the law presumes it to have been an official act, for the bene-

fit of the company. Angell & Ames on Corp. (9th ed.) p. 196, sec. 224; *Reed* v. *Bradley*, 17 Ill. 321; *Means* v. *Swomstedt*, 32 Ind. 87; *Hovey* v. *McGill*, 2 Conn. 680; Story on Prom. Notes, sec. 69; *Hood* v. *Hallenback*, 7 Hun, 567; *Lindus* v. *Melrose*, 3 Hurl. & N. 176; *New Market Savings Bank* v. *Gillet*, 100 Ill. 254. See, also, *Gillet* v. *New Market Savings Bank*, 7 Bradw. 499; *Melledge* v. *Boston Iron Co.* 5 Cush. 158; *Page* v. *Wright*, 14 Allen, 182; *Carpenter* v. *Farnsworth*, 106 Mass. 561; *Rathborn* v. *Budlong*, 16 Johns. 1; *Randall* v. *Van Vechten*, 19 id. 60; *Chipman* v. *Foster*, 119 Mass. 189; *Andrews* v. *Estes*, 2 Fair, 267; *Mann* v. *Chandler*, 9 Mass. 335; *Barlow* v. *Cong. Society*, 8 Allen, 460; *Johnson* v. *Smith*, 21 Conn. 627; *Draper* v. *Massachusetts Steam Heating Co.* 5 Allen, 339; *Fiske* v. *Eldridge*, 12 Gray, 474; *Fuller* v. *Hooper*, 3 id. 334; *Waugh* v. *Suter*, 3 Bradw. 274; *Abbey* v. *Chase*, 6 Cush. 56; *Tripp* v. *Swazey Co.* 13 Pick. 291; *Lefts* v. *York*, 4 Cush. 371; *Shelton* v. *Darling*, 2 Conn. 435; *Magill* v. *Hinsdale*, 6 id. 465; *Bank of A.* v. *Breillat*, 6 Moore, 152; *Lewis* v. *Nicholson*, 18 Q. B. 503; *Green* v. *Kopke*, 18 C. B. 549; *Brockway* v. *Allen*, 17 Wend. 40; *Drake* v. *Llewellen*, 33 Ala. 106; *Lazarus* v. *Shearer*, 2 id. 718; *Lee* v. *M. E. Church*, 52 Barb. 116; *Stanton* v. *Camp*, 4 id. 274; *Blanchard* v. *Kaull*, 44 Cal. 440; *Pitman* v. *Kintee*, 5 Blackf. 250; *Dow* v. *Moore*, 47 N. H. 419; *Haskell* v. *Cornish*, 13 Cal. 45; *Long* v. *Coburn*, 11 Mass. 97; *Keys, Exr.* v. *Parahan*, 6 Har. & J. 418; *Hall* v. *Pierce*, 35 Md. 327; *Minard* v. *Mead*, 7 Wend. 68; Story on Prom. Notes, sec. 67; *Ballou* v. *Talbot*, 16 Mass. 461.

The cashier of a bank, indorsing its paper in his own name with the simple appendage of cashier, is not personally liable. *Bank of Geneseo* v. *Patchen Bank*, 19 N. Y. 312; *Babcock* v. *Bowman*, 11 id. 200; *Olcott* v. *Tioga R. R. Co.* 27 id. 546; *Hypes* v. *Griffin*, 89 Ill. 138.

Where the question is one of the intention of the parties, parol evidence of the circumstances and facts connected with

and surrounding the transaction, is always admissible. *Parmelee* v. *Hambleton*, 24 Ill. 605; *Sanford* v. *Rawlings*, 43 id. 92; *Nash* v. *Town*, 5 Wall. 689; *Harkens* v. *Edwards*, 1 Iowa, 431; *Shire* v. *Nelson*, 9 Cl. & Fin. 559; *Barreda et al.* v. *Sillsbee*, 21 How. 161.

When, therefore, a party attaches any description to his name in the execution of a promissory note, tending to show on whose behalf it was made, the weight of authority is, that it is competent for him to show by evidence *aliunde* that he was acting for another, and thus relieve himself from liability. *Western Union R. R. Co.* v. *Smith*, 75 Ill. 496; *Bowells* v. *Lambert*, 54 id. 237; *Stookey* v. *Hughes*, 18 id. 55; *Mechanics' Bank* v. *Bank*, 5 Wheat. 326; *Allen* v. *Brockway*, 17 Wend. 40; *Horton* v. *Garrison*, 23 Barb. 176; *Haight* v. *Suhler*, 30 id. 218; *Winship* v. *Smith*, 61 Me. 118; *McClellan* v. *Reynolds*, 40 Mo. 312; *Randall* v. *Van Vechten*, 19 Johns. 59; *Drake* v. *Llewellen*, 33 Ala. 106; *Melledge* v. *Boston Iron Co.* 5 Cush. 158.

The note was merged in the judgment against the corporation, and can not therefore be set up as a claim against this defendant. *Warren* v. *McNulty*, 2 Gilm. 555; *Wayman* v. *Cochrane*, 35 Ill. 152; *Runnamaker* v. *Cordray*, 54 id. 302; *Emery* v. *Fowler*, 29 Maine, 326.

A person is estopped from denying the existence of a corporation with whom he has had dealings as such. *Lombard* v. *Chicago*, 64 Ill. 477; *Eppes* v. *Mississippi River Co.* 14 Johns. 238; Angell & Ames on Corp. (9th ed.) sec. 635.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

On the 2d day of August, 1873, John Scanlan commenced this suit against Samuel L. Keith. The action is assumpsit, and originally the declaration contained only the common counts, to which defendant filed the plea of non-assumpsit. Afterwards, on the 5th day of January, 1880, plaintiff, by leave of court, amended his declaration by adding a count on

a promissory note, alleged to have been made by defendant jointly with one W. H. Kretzinger. To the additional count defendant pleaded non-assumpsit, verified by affidavit, and also a special plea; but to the special plea a demurrer was sustained, and thereafter nothing seems to have been done in relation to it. On the trial in the Superior Court the issues were found for defendant, and judgment rendered against plaintiff for costs. That judgment was affirmed in the Appellate Court for the First District, and plaintiff brings the case to this court on appeal.

Omitting the signatures and date, the following is a copy of the note in suit: "Ninety days after date we promise to pay to the order of John Scanlan twenty-four hundred and eighty $\frac{11}{100}$ dollars, at the Third National Bank of Chicago, for value received, with interest at 10 %." It was signed underneath, at the right hand, "Sam'l L. Keith, Pres't Chicago Ready Roof'g Co.," and at the left hand, at the usual place for the signature of an attesting witness, it is signed, "W. H. Kretzinger, Sec'y," with the seal of the "Chicago Ready Roofing Company" attached. The question made is, whether the note thus signed and executed is the note of Samuel L. Keith, or that of the "Chicago Ready Roofing Company." In all cases of notes or bills, executed as this one is, it is a question of vital importance what was the intention of the parties thereto,—whether it is the individual undertaking of the persons signing it as officers, or whether it is the note of the corporation. On this subject the plaintiff in this suit certainly had as much knowledge as any one else as to what was the intention of the parties at the time of the execution of the note which is the basis of the action, and the court might be justified in treating it, as the plaintiff himself did, as the note of the "Chicago Ready Roofing Company," executed by its officers on behalf of the corporation. This he did by bringing suit on the note at an early day, after it became due, against the corporation, alleg-

ing it was the maker of the note, and prosecuting the suit to final judgment. The payee having elected to treat it as the note of the corporation, made through the instrumentality of its officers, by obtaining a judgment against the corporation, it would seem he ought not to be allowed or permitted to obtain another judgment on it against the officers, who were the mere agents acting on behalf of the corporation, as upon a personal undertaking by them. Having obtained a judgment against the corporation on the note, he ought to be concluded by his election, and be forever thereafter estopped to assert it was the individual note of the officers executing it on behalf of the corporation. A case analogous in principle is maintained with great force of reasoning in *Melledge* v. *The Boston Iron Company*, 5 Cush. 158.

But it is better the decision should be placed on broader grounds,—on grounds having the sanction of commercial usage, as well as authority. The impossible task of reconciling the decisions on this branch of the law will not be attempted, nor would it subserve any good purpose to review any considerable number of the cases in other courts on this subject. They will be found to be as conflicting as the cases are numerous. Much of the contrariety observed in the decisions, both in the American States and in England, no doubt arises out of the equities of each case, and of an effort on the part of courts to carry out what was supposed to be the intention of the parties executing such notes or bills. Each State in this country has its decisions on this branch of the law, and when a rule has been once established it is far better for commercial interests it should be adhered to. Beyond the decisions of this court it will not be necessary to go to ascertain principles that will afford a solution of the questions arising in the case now being considered.

Whatever may be the decisions elsewhere on analogous questions, the authorities in this State are full to the point a party will not be permitted to show, by oral testimony, that

41—102 ILL.

his written agreement, understandingly entered into, was not in fact to be binding on him. Accordingly, it was held in *Hypes* v. *Griffin*, 89 Ill. 134, mainly on the authority of *Powers* v. *Briggs*, 79 Ill. 493, that where trustees of a church corporation made a note in their individual names, although they described themselves as trustees of the church, parol evidence was inadmissible to show it was the intention of the parties it was to be the note of the church corporation, and not the note of the trustees executing it. The principle running through that and other cases in this court is, that such instruments will be construed as the parties made them, without the aid of extrinsic evidence. That rule of interpretation would seem to be as well settled in this State as any rule can be. But there is another principle declared in *Hypes* v. *Griffin*, that has more immediate application to the case in hand. It is, that where a party signs his name as cashier or agent for a banking, railroad or other corporation, in drawing drafts and bills, or in accepting drafts or other evidences of indebtedness, in its ordinary business, if it appears, or is made to appear, it is the obligation of the corporation, and the cashier or agent or other officer had authority to bind the corporation, he is not personally liable, and the facts may be shown by extrinsic evidence. Most generally there is that on the face of the instrument itself, and especially where the execution is witnessed by the seal of the corporation attached thereto, that indicates unmistakably it is the obligation of the corporation. It is seldom any one takes such paper under the belief it is the obligation of the officers executing it on behalf of the corporation. But parol testimony is admissible to establish the facts, collateral though they may sometimes be, that will make it appear past all doubt whose obligation it is. In this case it was quite proper defendant should prove the "Chicago Ready Roofing Company" was a corporation existing under the laws of this State, and the character of the business transacted by

it.   Such evidence throws much light on the question at
issue.   Whether defendant was bound to do more than prove
the "Chicago Ready Roofing Company" was a *de facto* corpo-
ration, doing business under the laws of this State, is by no
means certain.   The legality of the corporation was not put
at issue by the pleadings,. and on principle it would seem it
were necessary for the defence interposed, defendant should
do no more than prove it was a *de facto* corporation, actually
engaged in the business for which it purports to have been
organized.   This was sufficiently proven by the fact plaintiff
did business with the corporation, and in that way recognized
its existence.   But if it were necessary defendant should
prove it was a corporation legally organized ·in conformity
with the laws of this State, the evidence introduced must be
regarded as quite sufficient for that purpose.   Whether a
corporation is legally constituted, involves questions of fact
and law.   The things done under the statute in and about
the organization of the corporation, are, of course, facts sus-
ceptible of direct proof, but whether the things, *when* done,
constitute a legal corporation, is a question of law.   Since
the trial court found the issues for defendant, it may be
assumed it found every fact the evidence tends to prove
against plaintiff.   An affirmance of the judgment of the trial
court by the Appellate Court implies a finding of the facts
the same way, which, under the statute, is conclusive on this
court.   Assuming, then, as may be rightfully done, that
everything the evidence tends to show was done touching the
organization of the corporation, it sufficiently appears, as a
matter of law, the "Chicago Ready Roofing Company" is a
corporation existing under the laws of this State.

The powers such a corporation could exercise were dis-
tinctly defined by the general law under which it was organ-
ized and had its existence.   It is apparent, then, the "Chicago
Ready Roofing Company" was a corporation transacting
business, with power under the law to do whatever pertains

legitimately to the business specified in its certificate of organization. It is inconceivable a person familiar with the business transacted by a corporation, taking a note executed by its officers under its corporate seal, should believe he was obtaining the individual note of the officers whose names are attached to it. It needs no extrinsic evidence to show such a note is the obligation of the corporation. Such is the common understanding from what appears on the face of the instrument itself. A most unreasonable conclusion it would be to hold that a secretary of a corporation who attests such an instrument by his signature and the corporate seal, thereby becomes a joint maker. That is precisely the case here. Kretzinger was secretary of the corporation, and for aught that appears in this record he did nothing more than attest the execution of the note and affix the seal of the corporation. Should that act, by judicial construction, be held to constitute him a joint maker of the instrument to which his name is attached, it would be to make a note for him which the party himself certainly never had the remotest intention of doing. The same reasoning applies with equal force to defendant, who made the note as president of the corporation, in connection with the secretary, using the seal of the corporation. So far as defendant is concerned, the case is precisely within the principle stated in *Hypes* v. *Griffin*. It is apparent on the face of the note itself, it was executed by him as an officer of the corporation, and if it were not so apparent, it is admissible to show the attendant facts and circumstances by extrinsic evidence, from which there can not be the slightest doubt it was the obligation of the corporation. As has been seen, plaintiff himself so treated it, and obtained a judgment on it against the corporation. It is shown the note was given for the balance due from the corporation for materials sold to it by plaintiff. Dealing with the corporation and taking a note made by its officers, with its corporate seal attached, it is most improbable plaintiff

supposed he was obtaining the individual note of the officers. Had it been so, the note would no doubt have been executed without attaching to the signatures of the makers the name of the corporation. It is still more unusual that persons making an individual note or other obligation would cause it to be attested by the seal of the corporation with which they were connected.

No importance need be attached to the use of the word "we," in the body of the note. It was said by this court in *The New Market Savings Bank* v. *Gillet,* the word "we" may not improperly be used to denote a corporation aggregate. In the connection it is used in this note it may more appropriately be regarded as referring to the corporation rather than to defendant.

This case is certainly a much stronger one for holding the note in suit to be the obligation of the corporation than the case of *The New Market Savings Bank* v. *Gillet,* 100 Ill. 254. In that case the parties making the note used the word "we" in the body of it, as was done in the note in this case, but because it was followed immediately by the name of the corporation of which they were trustees, it was held the word "we" had reference to the corporation, and not to the trustees in their individual capacity. Opposite their signatures was placed the name of the corporation. The conclusion was, it appeared on the face of the note itself it was the obligation of the corporation. More cogent reasons lead to the same conclusion the note in suit was executed officially, and not individually, and the signatures, with the official seal affixed, were placed there as corporate acts, in order to the execution of the note as the obligation of the corporation.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE WALKER: I am unable to concur in this judgment.