## William Sharp et al.

### v.

## H. A. Smith et al.

*Master and Servant—Labor and Material—Recovery for—School Directors—Liability as Individuals.*

In an action upon a contract containing the names of certain individuals, the language thereof indicating that they were at the time of its execution school directors of the district in question, but not that they were acting in such capacity, this court holds that they were individually liable thereon, and declines to interfere with the verdict for the plaintiffs.

[Opinion filed February 14, 1890.]

APPEAL from the County Court of Moultrie County; the Hon. H. W. MINOR, Judge, presiding.

Mr. JOHN R. EDEN, for appellants.

The law seems to be well settled, that where the officers of a municipal corporation enter into a contract or engagement in connection with a subject fairly within the scope of their authority, it shall be intended to have been done officially, unless they made an express agreement to become personally liable, though they exceed their own authority. Duncan v. Niles, 32 Ill. 532; Mann v. Richardson, 66 Ill. 481; Broadwell v. Chapin et al., 2 Ill. App. 511; Burrows on Public Securities, page 12.

Mr. F. M. HARBAUGH, for appellees.

CONGER, J. This was an action of assumpsit with special count upon the written contract which appears below, and common counts for work and labor, and the money counts, etc. Plea general issue, trial by the court and judgment for appellees for $224.60.

Upon the trial appellees offered in evidence the following contract: "This contract made and entered into this 11th day of August, A. D. 1888, by and between Hugh A. Smith and Riley W. Creech, parties of the first part, and William Sharp, Joshua Coplin and Christopher Monroe, directors of district No. two (2) in township No. fourteen (14), range five (5) east of the 3d principal meridian, in the county of Moultrie and State of Illinois, parties of the second part, witnesseth that parties of the first part hereby agree to furnish all material, and in good, workmanlike manner build and fully complete a brick school house in said district, according to plans and specifications herewith made a part of this contract, subject to any alterations mutually agreed upon, before or during the erection of said building. In consideration of the above agreement, the parties of the second part agree to and with the parties of the first part, to pay them the sum of $924.60 in the following manner: to pay for brick and lumber as the same is

delivered upon the ground; balance upon the completion and acceptance of the said building. Subscribed to by us this day and date above written.

"H. A. SMITH,  
"R. W. CREECH, } Contractors.

"WM. SHARP,  
"JOSHUA COPLIN, } Directors."  
"CHRIS. MONROE,

It was agreed between the parties on the trial that prior to the making of said contract, the legal voters of said district No. 2 had at a legal election voted the sum of $700 to build a school house in said district, and that appellees had built the house according to contract, and had been paid to the extent of $700 by orders drawn by appellants as school directors of said district No. 2 on the township treasurer of said township; that soon after the completion of the school house Sharp and Coplin (Monroe having resigned) issued an order as directors on the treasurer for the balance remaining due upon the contract, and delivered the same to appellees, but that the payment of the same was enjoined by bill brought by some of the taxpayers of the district, so that such order never was paid. Appellants are sued as individuals and the court below held them liable as such, and the correctness of that judgment depends upon the question whether the contract binds them individually or only the district of which they were directors.

We are inclined to think that appellants are individually liable upon the contract in question under the rule as announced in Powers v. Briggs, 79 Ill. 493. In that case the names of the promisors did not appear at all in the body of the instrument, the language being: "We, the trustees of the Seventh Presbyterian Church, promise to pay," etc., while in the case at bar the names of appellants appear in the body of the contract as contracting parties, followed, it is true, by the words, "Directors of District No. 2," etc., but these words can only be regarded as descriptive. There are no words in the contract implying an undertaking on the part of the district. The latter is not assumed to be acting by or through appellants, nor does it appear they are acting for or on behalf of the district.

The language indicates that appellants were directors of the district when they executed the contract, but not that they were acting for and on behalf of the district, or intending to make the instrument the contract of the district. The case is not like that of New Market Savings Bank v. Gillet, 100 Ill. 254, for in that case the language used in the body of the note and attached to the signature was the proper corporate name of the society for and in the name of which the signers thereof, as trustees, were acting. The case at bar would have been like that, if the language used had been, instead of the individual names of appellants, the corporate name of the district, viz.: "School Directors of District No. 2," etc.

We do not mean to be understood that the mere omission of the word "school," has changed the liability, for had the contract represented one of the contracting parties as directors of district No. 2, omitting their names from the body of the contract, it might be still regarded as the contract of the district, notwithstanding the omission of the word "school."

The judgment of the County Court will be affirmed.

*Judgment affirmed.*