Charles J. Miers and Dominick C. O'Malley v. Frank J. Coates.

1. PROMISSORY NOTES—*Defenses Against Innocent Purchasers.*—A defense that a promissory note is not the note of the person sued, is as available against a suit by an assignee before maturity, as against a suit by the payee.

2. SAME—*Doubts as to the Maker.*—If upon the face of a promissory note it may reasonably be inferred that it is either the official act of a corporation or the private act of an individual, extrinsic evidence is competent to determine the fact.

3. SAME—*No Particular Form of Words Necessary—Custom.*—While the law requires no particular form of words to constitute a promissory note, and designates no particular place at which the maker shall sign his name, yet custom has established a form of signing which furnishes a legal presumption of the intention of the parties and the character of the liability attaching to the signature.

4. SAME—*Character of Maker— How Determined—Extrinsic Evi-*

Miers v. Coates.

*dence.*—If the name of the maker can be determined from the face of the instrument it must be done, but if not, then extrinsic evidence is competent and should be heard; but in determining the question the whole instrument should be inspected.

5.  SAME—*Signification of the Word " We."*—The word " we " in the body of the note indicating the promisor, may properly be employed to denote a corporation aggregate.

6.  SAME—*Of a Corporation.*—The note of a corporation may be signed with the name of the corporation, by its president, secretary or other officers authorized to execute it, or by the proper officers designating themselves officers of the corporation for which they assume to act, or using the corporate name both in the body of the note and in the signature to it.

7.  SAME—*Notes of a Corporation.*—The following note held to be a corporate and not an individual obligation:

"$493.92.                                CHICAGO, July 22, 1893.

Sixty days after date for, we promise to pay to the order of Richey, Miniter & McDonald Co., four hundred ninety-three 92-100 dollars at our office, 711 Unity Bldg.; value received."

COLUMBIAN ATHLETIC CLUB,

CHAS. J. MIERS,                          DOMINICK C. O'MALLEY,

Treas.                          President C. A. Club."

8.  EVIDENCE—*In Determining the Character of the Makers of a Note.*—In determining the question as to whether a promissory note is a corporate or an individual obligation, the by-laws of the corporation are competent to show in what capacity the signers executed the note, and as to their intention to bind themselves individually.

**Memorandum.**—Assumpsit on a promissory note.   Error to the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding.   Heard in this court at the October term, 1894, and reversed. Opinion filed January 10, 1895.

EDWARD H. MORRIS, attorney for plaintiffs in error.

E. A. ABORN, attorney for defendant in error.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The defendant in error brought suit upon two certain promissory notes, and recovered judgment thereon against the Columbian Athletic Club, an Indiana corporation, and Charles J. Miers and Dominick C. O'Malley, the plaintiffs in error, the cause having been submitted to the court without a jury.

The following is a copy of one of the notes, and the indorsement thereon:

"$493.92.                              CHICAGO, July 22, 1893.

Sixty days after date for, we promise to pay to the order of Richey, Miniter & McDonald Co. four hundred ninety-three 92-100 dollars at our office, 711 Unity Bldg.; value received."

COLUMBIAN ATHLETIC CLUB.

CHAS. J. MIERS,                   DOMINICK C. O'MALLEY,
        Treas.  ·                    President C. A. Club."

(Indorsed on back.)  "Pay to the order of Frank J. Coates, Richey, Miniter and McDonald Co., by M. Miniter, Treas."

The other note is exactly the same except that it is payable thirty days after date, and bears an additional indorsement of a payment of thirty dollars, and that the letters and word "C. A. Club," after the word "President," are omitted from the signature of Dominick C. O'Malley.

The important question to be first decided is, whose notes are the instruments sued on, and above set forth?

Are they the notes of the corporation, the Columbian Athletic Club, alone, or are they the joint notes of that corporation and the plaintiffs in error, Miers and O'Malley?

In behalf of the plaintiffs in error it was proved that the Columbian Athletic Club was a corporation created under the laws of Indiana, and it was proved that the said Charles J. Miers was the secretary and treasurer, and that Dominick C. O'Malley was the president of said corporation.

It was also proved that the club had by-laws, and the by-laws were offered in evidence, but, being objected to by the defendant in error, were excluded.

Portions of the by-laws offered prescribed, among other things, that the officers of the club "shall consist of a president, secretary and treasurer;" that the president in conjunction with the secretary and treasurer shall sign all "checks, notes, due bills and other obligations" of the club; and that "the president and treasurer are authorized and empowered to make and execute in behalf of the associa-

tion, without applying to the board of directors for authority, notes for any money or unpaid balance of money due from this association for lumber or material furnished this association."

It was testified and not denied, that the notes were given for lumber that was used by the corporation in fitting up its grounds in Indiana.

To whom the lumber was sold, whether to the corporation or to the plaintiff in error, O'Malley, individually, was a matter concerning which there was a seeming conflict of evidence.

The corporation made no defense to the suit and its default was entered.    The plaintiffs in error pleaded, severally, the general issue, non-joint liability, and denial of the execution of the notes, and O'Malley pleaded in addition, a denial of the indorsement and assignment of the notes by the payee; and all the pleas were duly verified.

It is strenuously insisted by counsel for plaintiffs in error that the court below erred in permitting Mr. Miniter, the treasurer of the payee corporation, to testify that he indorsed the notes in the name of the payee by himself as treasurer, without showing in any other way his authority, as treasurer of the payee, to assign notes in its behalf.    Believing that the judgment must be reversed on other grounds we waive consideration of that question.

Assuming, therefore, that the notes were duly assigned to the defendant in error before maturity, the question recurs, are the notes the obligations of the plaintiffs in error?

The inquiry as to that is precisely the same as if the notes had never been assigned.

If the notes when held by the payee were not the obligations of the plaintiffs in error, the assignment of them tends in no way to make them such.    The defense that the notes sued on are not the notes of the persons sued, is as available against a suit by an assignee before maturity, as against a suit by the payee.

Where, upon the face of an instrument, it may reasonably be inferred that the paper was either the official act of a

corporation, or the private act of an individual, and the question is properly raised, it becomes indispensable to resort to extrinsic evidence to solve the uncertainty, in order that an inquiry into the circumstances of the case may render it certain whose act it is, but not otherwise.

"While the law requires no particular form of words to constitute a promissory note, and designates no particular place at which the maker shall affix his name in order to establish his liability in that capacity, yet, by the universal consent and acquiescence of commercial and business men, custom has established and sanctioned a form and mode of signing, which furnishes a legal presumption of the intention of the parties, and the precise character of the liability attaching to the signature, which presumption may, however, in many cases, be rebutted by parol evidence." Camden v. McKoy, 3 Scam. 436; Kripner v. Lincoln, 54 Ill. App. 575.

If, then, the inquiry of whose paper the notes in question are, can be determined from their face, it should be done; but if not, then extrinsic evidence should be heard. In determining the question, the whole instrument, all that is contained within its four corners, may be looked at. Hopkins v. Van Zandt, 40 Ill. App. 635.

In the body of the notes the word "we," indicating the promisor or promisors, is used. It has been held that the word "we," used in a similar way, may properly be employed to denote a corporation aggregate. New Market Savings Bank v. Gillet, 100 Ill. 254; Scanlan v. Keith, 102 Ill. 634.

Coming to the signatures to the notes we find, first, at the right hand, where the name of the maker is usually put, the name "Columbian Athletic Club," a corporate body properly denoted by the word "we" in the body of the note. Directly underneath the corporate name is signed the name of the president of the corporation, describing himself as such, and at the left hand, where attesting signatures are customarily signed, is found the name of the treasurer, described as such by the abbreviation, "Treas."

Now, a corporation can act only by its officers and agents; and where the name of a corporation is signed to an instrument that may well be its own, and its name is

followed by the name of its president, described as such, and at the left hand of the bottom of the instrument, where attesting signatures are usually placed, the name of another officer is affixed with a word descriptive of his office following his name, the presumption is at least *prima facie* that the instrument is the obligation of the corporation and not of the individuals whose names, with words descriptive of their official capacity, follow the name of the corporation.

The note of a corporation may be " signed with the name of the corporation, by its president, secretary or other officers authorized to execute it, or, as in Scanlan v. Keith, 102 Ill. 634, by the proper officers, designating themselves officers of the corporation for which they assumed to act, or, as in New Market Savings Bank v. Gillet, 100 Ill. 254, using the corporate name both in the body of the note and in the signatures to it." Frankland v. Johnson, 147 Ill. 520.

We think that the notes in question were executed in conformity with the method first indicated in the foregoing quotation, and that they bear on their face sufficient evidence of their being the notes of the corporation to repel any belief on the part of anybody dealing with them that they were the individual notes of the persons whose names, with official indications, followed the name of the corporation.

It does not seem as if any holder of the notes could claim to be ignorant of the true character of notes so signed. Metcalf v. Williams, 104 U. S. 93.

But even though we are mistaken in that conclusion, there certainly existed on the face of the signatures sufficient *indicia* that the notes were the notes of the corporation alone, to put anybody dealing with them on inquiry if it was sought to hold any one other than the corporation liable on them

It is laid down in Hypes v. Griffin, 89 Ill. 134, and approved in Scanlan v. Keith, 102 Ill. 634, that where one signs his name as officer or agent for a corporation in accepting drafts or executing other evidences of indebtedness of the corporation in its ordinary business, if it appears or is made to appear that it was the obligation of the corpora-

tion, and the officer or agent had authority to bind the corporation, such officer or agent is not personally liable; and the facts may be shown by extrinsic evidence.

And in the last cited case of Scanlon v. Keith, it was declared that if it were apparent on the face of the note itself, that the note was executed by a person as an officer of the corporation, it was " admissible to show the attendant facts and circumstances by extrinsic evidence," from which to determine what the fact was.

The offered by-laws, from which it would have appeared that the plaintiffs in error were authorized to make the notes in question for and in behalf of the corporation, should not have been excluded.

Such evidence would also have tended to show that it was not the intention of plaintiffs in error to bind themselves individually.

Where a person acts with authority in the name of another, any presumption that he is acting in his individual capacity is thereby rebutted. And he may show his authority. Wheeler v. Reed, 36 Ill. 91; Mann v. Richardson, 66 Ill. 481.

A long *catena* of decisions in kindred cases as to the admissibility of proof of circumstances surrounding the transaction for the purpose of showing the true character of instruments where, upon their face, it is uncertain whether they are individual or corporate obligations, will be found in La Salle National Bank v. Tolu Rock and Rye Co., 14 Ill. App. 141; and the conclusion there reached that such evidence is admissible is reasonable and seems to be indispensable to justice, and has been either expressly or tacitly held in Scanlan v. Keith, *supra;* and in McNeil v. Shober and Carqueville Lith. Co., 144 Ill. 238.

But if we are right in our conclusion that on the face of the notes themselves they should be treated as the notes of the corporation and not of the plaintiffs in error, then, whether such evidence was admissible or not as against an assignee of the notes before maturity, the judgment of the Superior Court will have to be reversed, without a remanding of the cause, and it will be so ordered.