## GEORGE W. WILLIAMS ET AL.

### v.

## MIAMI POWDER COMPANY.

*Negotiable Instruments — Note — Execution — Personal Description—Pleading—Evidence.*

1. In an action on a note a plea of the general issue sworn to amounts also to a plea of *non est factum*, and a special plea in addition thereto, that the note was signed by defendants as officers of a corporation and not individually, being no more than the general issue, is demurrable.

2. Under the sworn plea of the general issue, plaintiff fully makes out its case by proof of execution of the notes.

3. The fact that the note is signed by defendants as officers of a corporation, and the name of the corporation is attached. does not release defendants from individual liability in the absence of evidence that they were officers, and that the note was intended as the note of the corporation only.

4. Proof of defendants' handwriting is admissible to show execution of the note.

[Opinion filed August 27, 1890.]

APPEAL from the Circuit Court of Marion County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding.

Appellee brought his action of assumpsit against appellants and the Salem Coal and Mining Co. on three promissory notes, one for $167.24 due in thirty days, one for $200 due in sixty days and one for $200 due in ninety days. The notes are of the same date and alike in form and manner of signing except as to the amounts and time of maturity. The first is as follows:

                              " SALEM, ILLS., September 7, 1888.
" $167.24.

" Thirty days after date we promise to pay to the order of Miami Powder Co. one hundred and sixty-seven 24-100 dollars with 8 per cent interest from maturity without defalcation, value received.

                              " P. E. CUTLER, Pres.
                              " G. W. WILLIAMS, Sec'y.
                              " Salem Coal and Mining Co."

Appellants filed plea of general issue sworn to, and a special plea in which it is averred that the several sums of money sued for was the sole and separate debt of the Salem Coal and Mining Co. and was not the debt of appellants, and that the defendant Cutler was president of the defendant the Salem Coal and Mining Co., and the defendant Williams was the secretary of said Salem Coal and Mining Co., and as such president and secretary the said Cutler and Williams executed the notes in the usual course of business of the Salem Coal and Mining Co., and plaintiff accepted the notes as the separate notes of the Salem Coal and Mining Co., without this, that said Cutler and Williams executed said notes in their

individual capacity. To this plea an affidavit of the truth of the same was attached.

A special demurrer was interposed to the special plea, assigning for cause that that plea amounted to the general issue, which was sustained, and defendants elected to stand by their special plea. Issue was joined on the general issue and trial had before the court without a jury. A default was entered against the Salem Coal and Mining Co., and on trial witnesses were called who testified to their knowledge of the handwriting of Cutler and Williams, and that the signatures to the notes were in their handwriting respectively. To this testimony defendants objected, insisting it must be shown in what capacity defendants Cutler and Williams signed their names, which objection was overruled and defendants excepted. No evidence was offered by the defendants, and a verdict and judgment was entered in favor of plaintiff and against all the defendants for the sum of $604.45. The defendants Cutler and Williams appeal, and assign for error the sustaining the demurrer to the special plea, the overruling defendants' objection to the evidence of handwriting, and entering judgment against appellants.

Mr. J. B. KAGY, for appellants.

Appellants insist, first, that the notes on their face show them to have been executed by the Salem Coal and Mining Co., by its president and secretary. The Salem Coal and Mining Co. is a body corporate under the laws of the State of Illinois, and appellee sued it as such, in this case, as a joint promisor and maker of these notes.

The notes were executed in the correct corporate name of the company, in the precise form in which appellee declared against it. Appellee is estopped from denying the existence of this corporation, or that he had transactions with it in which it gave its promise to pay these notes. These notes are in no essential respect dissimilar in form or mode of execution from that sued on in Scanlin v. Keith, 102 Ill. 634, where it was held the note on its face was that of the corporation, and not of the individuals signing the corporate name. Stress

was laid on the fact that in Scanlin v. Keith, *supra*, the seal of the corporation was attached on the left of the note, and that that fact made it the note of the corporation in that case.

Though the seal was an element in that case, it was not indispensable. The Supreme Court has repeatedly said, the manner of executing written instruments by a corporation is by signing the individual names of its officers with the addition thereto of their official style. New Market Savings Bank v. Gillet, 100 Ill. 261; Lombard v. Chicago Sinai Congregation, 64 Ill. 487; Ada Street Church v. Garnsey, 66 Ill. 132; Little v. Bailey, 87 Ill. 240.

A note is not executed until it is delivered. Hunt v. Weir, 29 Ill. 83; Edwards on Bills, 188.

Appellee was bound under the pleadings to prove execution. Greenleaf's Ev., 2d Vol. Secs. 8, 16, 161, 9th Ed.

The notes in the case at bar were properly signed by the Salem Coal and Mining Co., and the individual names followed by their official designations were but a necessary part of the corporate signature. Hence no individual signatures appear to the notes, and no individual liability ensued against appellants. New Market Savings Bank v. Gillet, 100 Ill. 261, and *supra.*

No case was made out against appellants. They were strangers to the notes so far as their individual execution of them is concerned. Davison v. Hill, 1 Ill. App. 70.

The issue is one of law, whether the appellants, on the face of the notes, executed them as their individual undertakings. " It needs no extrinsic evidence to show such a note is the obligation of the corporation." " Such is the common understanding from what appears on the face of the instrument itself." Scanlin v. Keith, *supra*, 644; New Market Bank v. Gillet, 100 Ill. 261; Hitchcock v. Buchanan, 105 U. S. 416.

But should the view be taken that it is not apparent on the face of the notes, in this case, that they were executed by appellants as officers of the corporation, and that a doubt existed as to whose promises they are, then extrinsic evidence, between the parties, payee and makers, was competent to explain the real intention and fix the liability according to

the understanding of the parties at the time of the execution and delivery of the notes.

By filing the plea of the general issue under oath, the burden was cast upon appellee to affirmatively show by proofs, that all the defendants, three in number, executed the notes in their several individual capacities as joint makers, since they are so declared against. The allegations and proofs must correspond. The "name" and "style" of their execution averred, must be proved as alleged. The proofs failed. The plaintiff's proofs should have been made as at the common law. Starr & C. Ill. Stats. Chap. 110, 1798, Sec. 34; Dwight v. Newell, 15 Ill. 332; Neteler v. Culies,18 Ill.188; Martin v. Culver, 87 Ill. 49; Wallace v. Wallace, 8 Ill. App. 69; Stevenson v. Farnworth, 2 Gilm. 715; Kennedy v. Hall, 68 Ill. 165 ; Smith v. Knight, 71 Ill. 148.

Appellants' special plea set up extrinsic facts and circumstances explanatory of the real intention of the parties to the notes, and shows that intention to have been, that they were the notes of the Salem Coal and Mining Co., and were so received and accepted by appellee, etc., and brought the case within the doctrine announced in Hypes v. Griffin, 89 Ill. 134, as to extrinsic proofs.

This element of appellants' defense was within the peculiar office of their special plea, which sought the introduction of new matter in defense, not apparent in the declaration, and submitted to the court, as a matter of law, how far the facts stated in the plea were a lawful defense. 1 Chitty's Pleading, 9th American Ed., pages 473, 507, and authorities cited.

Mr. HENRY C. GOODNOW, for appellee.

The general issue being pleaded, the rule is, any facts that would defeat the plaintiff's cause of action may be given in evidence under such issue and a special plea setting up such facts would be obnoxious to a demurrer. Manny v. Rixford, 44 Ill. 129.

If the matters set up in special plea are a defense they could be given in evidence under the general issue, and for this reason, if no other, the plea would be bad.

2d.    This plea contradicts the terms of the notes and con-templates contemporaneous oral evidence to explain and con-tradict appellants' undertaking, which is not allowable. Stobie v. Dills, 62 Ill. 432; Hypes v. Griffin, 89 Ill. 134; 1st Greenleaf Evidence, Chap. 15, Sec. 275.

3d.    This plea does not show that the Salem Coal and Min-ing Co. is a corporation organized to deal in, and whose busi-ness was dealing in, negotiable securities, nor engaged in a business requiring the payment of money as a part of its legitimate business, nor is it alleged in said plea that defend-ant did not sign said notes as sureties.    This it must show Hypes v. Griffin, Adm'r, 89 Ill. 135.

The additions, president and secretary, or any other such designation at the end of a person's name, have a well defined legal meaning in law, which is a description of the person. They are used to designate the person, and not to indicate the capacity in which the person signed such instrument.    Vil-lage of Cahokia v. Rautenberg, 88 Ill. 219; Powers v. Briggs et al., 79 Ill. 493.

These notes contain apt words to charge appellants. "We promise to pay" are the charging words in these notes and fix their liability as makers.    In which case, if words are added descriptive of agency, such words are surplusage. Hancock v. Yunker, 83 Ill. 208.

Nor can it be shown by parol that they were only acting for and on behalf of another.    Hypes v. Griffin, Adm'r, 89 Ill. 134.

Where the names of the principal and agent both appear upon an instrument it will be held to be the note of him who signs it unless it satisfactorily appears that he signed it in a mere ministerial character intending to bind another. Powers v. Briggs et al., 79 Ill. 493.

If the additions, president and secretary, disclose agency, then both the principal and agent appear to these notes and all are liable.

A note reading, "We promise to pay," and signed with the name of a corporation and the names of its president and secretary, with additions of their respective official designa-

tions, binds the president and secretary personally, and extrinsic evidence is inadmissible to show that it was not so intended. McCandless v. Bell Plaine Canning Co., Iowa, 42 N. W. Rep. 635; American I. Co. v. Stratton, 59 Iowa, 696; Hoffner v. Brownell, 70 Iowa, 591, and 75 Iowa, 341; Village of Cahokia v. Rautenberger, 88 Ill. 219; Stoble v. Dills, 62 Ill. 432.

By no construction of language, or principle of law, can the terms president and secretary, affixed to the names of Cutler and Williams, be intended to import they were the agents of the Salem Coal & Mining Co. Mears' Ex. v. Morrison, Breese, 224; Bickford v. First Nat'l Bank, Chicago, 42 Ill. 239; Sperry, etc., v. Fanning et al., 80 Ill. 371.

In the cases cited in Breese and 42 Ill. above, the court says where the instrument is signed " A B, agent," that mode of signing does not disclose the fact that the signer is the agent of any one, and if that is the only indication of agency he will be bound personally. These cases are on all fours with the case at bar.

Courts are powerless to disregard the terms of a contract plainly expressed, but must enforce them according to the intent of the parties, as shown by the language used in the contract. Coey v. Lehman, 79 Ill. 173.

Where the parties reduce their contract to writing, they must be governed by its provisions, and their intention must be gathered from the terms of the contract. Kimball et al. v. Custer, 73 Ill. 390; Massie v. Belford, 68 Ill. 290.

The court will construe the contract without the aid of witnesses to explain its meaning. McAvoy v. Long, 13 Ill. 147; Lintner v. Millikin, 47 Ill. 178; Merchants Ins. Co. v. Morrison, 62 Ill. 243.

Phillips, J.   The special plea did not admit any fact averred in the declaration, but denied the material averments of that declaration. It therefore amounted to the general issue. The general issue was pleaded and issue joined thereon, and all the facts set up in the special plea, which were admissible in evidence, could be given in evidence under the general

issue. It was not error to sustain the demurrer to the special plea. Manning v. Rixford, 44 Ill. 129. The affidavit of defendants being attached to the general issue, under the practice of this State it was a plea of general issue and *non est factum*, and only as a plea of *non est factum* did it put the appellee on proof of the execution of the instrument. By the introduction of proof of execution of the notes, the plaintiffs fully made out its case on that issue. Pritchett v. The People, 1 Gilm. 525. It was not incumbent on the plaintiff to show in what capacity appellant signed the notes.

It was not error to overrule the objection of appellants to the introduction of evidence of the handwriting of appellants. The notes were in the ordinary form of commercial paper and the addition to the name of Cutler, as president, and to the name of Williams, as secretary, does not limit their liability or make their signatures as that of the agent of a disclosed principal. There is nothing to show that Cutler was 'president and Williams secretary of the Salem Coal & Mining Company to make it the note of the corporation alone, nor is there any evidence to show the notes were those of the Salem Coal & Mining Company for their debt. The absence of all evidence on these questions renders it necessary to construct these notes according to the face of the notes, and in doing so the records "Pres." and "Sec'y" are to be regarded as *discriptionæ personæ* merely. They must be held according to the terms of their contract. Hypes v. Griffin, Adm'r, etc., 89 Ill. 134; Stobie et al. v. Dills, 62 Ill. 432; Bickford v. The First Nat. Bank of Chicago, 42 Ill. 238; Trustees of Schools v. Rautenberg, 88 Ill. 219; Powers v. Briggs et al., 79 Ill. 493; Scanlan v. Keith, 102 Ill. 634. There was no error in entering judgment against appellants for the amount of the notes.

The judgment is affirmed.

*Judgment affirmed.*