MALCOM McNEIL *et al.*

*v.*

THE SHOBER AND CARQUEVILLE LITHOGRAPHING COMPANY.

*Filed at Ottawa, January* 19, 1893.

1. PROMISSORY NOTE — *signed by president and treasurer of a corporation.* A promissory note signed " Malcom McNeil, President World's Pastime Exposition Company, Albert F. Dexter, Treasurer," is *prima facie* the note of McNeil and Dexter.

2. ERROR WILL NOT ALWAYS REVERSE — *error committed at the instance of the party complaining.* This court will not determine the admissibility of evidence introduced on the trial or the correctness of the rulings in the submission of the case, when the holding is as favorable to the party complaining as he asked, or could ask under the most lib-·eral of the adjudged cases, and which, if error, was made at his instance.

APPEAL from the Appellate Court for the First District ;— heard in that court on appeal from the Circuit Court of Cook ·county ; the Hon. S. P. McCONNELL, Judge, presiding.

Messrs. BALL, WOOD & OAKLEY, for the appellants :

The defendants are not liable for this debt, and parol evi-·dence is admissible to show whose note it was that was sued ·on. *La Salle Nat. Bank* v. *Tolu,* 14 App. 141 ; *Mechanics'*

*Bank* v. *Bank of Columbia*, 5 Wheat. 326 ; *Baldwin* v. *Bank of Newberry*, 1 Wall. 234 ; *Broadway* v. *Allen*, 17 Wend. 40 ; *King* v. *Davis*, 21 N. J. L. 683 ; *Hale* v. *Pierce*, 32 Md. 327 ; *Richmond* v. *Snead*, 19 Gratt. 354 ; *Lazarus* v. *Shearer*, 2 Ala. (N. S.) 718 ; *Owings* v. *Grubbs*, 6 J. J. Marsh. 31 ; *McClellan* v. *Reynold*, 19 Mo. 312 ; *Hardy* v. *Pilcher*, 57 Miss. 17 ; *Hogan* v. *Rice*, 4 Col. 90 ; *Hoveny* v. *Magill*, 6 Conn. 680 ; *Mason* v. *Chandler*, 9 Mass. 337 ; *Neill* v. *Spencer*, 5 App. 473 ; *Western Union* v. *Smith*, 75 Ill. 496 ; *Bowles* v. *Lambert*, 54 id. 237 ; *Stookey* v. *Hughes*, 18 id. 55 ; *Scanlan* v. *Keith*, 102 id. 634.

Mr. Israel Cowen, for the appellee :

That such a note is the personal note of the signers, see *Sturdivant* v. *Hill*, 59 Me. 172 ; *Tucker Manuf. Co.* v. *Fairbanks*, 98 Mass. 101 ; *Savage* v. *Rix*, 9 N. H. 263 ; *Bank* v. *Hooper*, 6 Gray, 567 ; *Trustees, etc.* v. *Rautenberg*, 88 Ill. 219 ; *Powers* v. *Briggs*, 78 id. 493 ; *Stobie* v. *Dills*, 62 id. 433 ; Story on Bills, sec. 76 ; Daniels on Neg. Instr. secs. 301 and 305 ; *Fiske* v. *Eldridge*, 12 Gray, 474 ; *Seaver* v. *Coburn*, 10 Cush. 324.

The court should bear in mind that there are numerous authorities to the effect that the question is not as to what parties intended to do by their act of signing, but what they actually did, and that extrinsic evidence is not permissible to change the effect of their acts, as witness the following authorities : *Stackpole* v. *Arnold*, 11 Mass. 27 ; *Stobie* v. *Dills*, 62 Ill. 433 ; Daniels on Neg. Instr. sec. 305.

Mr. Justice Shope delivered the opinion of the Court :

The World's Pastime Exposition Company, an Illinois corporation, of which appellants were respectively president and treasurer, became indebted to appellee, and in settlement of the account, which was receipted, the following note was executed and delivered :

"Chicago, *July* 6, 1886.

"$1546.35.  On August 1st, without grace, after date we promise to pay to the order of Shober & Carqueville Lithographing Company, one thousand five hundred forty-six and thirty-five one-hundredths dollars, at our office 307 Opera House Bl'k.

"Malcom McNeil, *President World's Pastime Exposition Company.*
"Albert F. Dexter, *Treas.*"

Suit was brought against McNeil and · Dexter, upon said note, resulting in verdict and judgment against them personally.  On appeal, the Appellate Court affirmed the judgment, and the defendants below prosecute this further appeal.  The issue in the trial court was, whether McNeil and Dexter were individually liable, or whether the promissory note was in fact the note of the corporation, the Pastime Company.  No question of law is presented for our determination.  The trial court, following *Scanlan* v. *Keith,* 102 Ill. 634, and *Lasalle Nat. Bank* v. *Tolu,* 14 Ill. App. 141, and cases holding the same doctrine, permitted appellants to show that the note was given for a debt of the corporation, and to give in evidence all of the attending facts and circumstances having any tendency to establish that it was the intention of the parties, and of the makers of the note, that it should be the note of the corporation, and that it was not intended to create personal liability. And the court, while holding correctly that, *prima facie,* it was the note of McNeil and Dexter, submitted the question of fact to the jury, whether they intended to give their individual note, or to execute a note for and on behalf of the corporation only.  It is wholly unnecessary to determine the admissibility of this evidence, or the correctness of the rulings in the submission of the case, for the reason that the holding was as favorable to appellants as they asked, or could ask under the most liberal of the adjudged cases, and if error was committed

it was at their instance, and in their favor. Counsel do not question the correctness of any ruling of the trial court, other than that of overruling the motion for new trial. It is insisted that, upon the facts shown, that motion should have been sustained. This presents a question of fact, properly presentable to the Appellate Court, but which we, by the statute, are prohibited from determining.

We find no error of law in this record, and the judgment of Appellate Court will be affirmed.

*Judgment affirmed.*