## L. M. Fairbanks v. Owensboro Wagon Company.

1. CONTRACTS—*Intention of the Parties Should Control.*—Courts look to the substance rather than the form of contracts and seek for the real intention of the parties, as gathered from all its facts; and this, when ascertained, is the essence of the contract, and to this legal effect is given.

2. SAME—*Inaccuracy in the Use of Words.*—This court thinks that the sense in which the parties to this suit understood the word "notes," used in a letter from appellant to appellee, is plain, and that appellant should not be permitted to escape liability in this action because no note for the debt referred to was actually given.

3. GUARANTY—*A Contract of, Construed.*—This court thinks a fair construction of the contract of sale and guaranty sued on in this case,

Fairbanks v. Owensboro Wagon Co.

as it appears from the evidence, is that appellant undertook personally to see to the prompt payment of the amount due appellee for the articles sold.

**Assumpsit,** on a guaranty. Appeal from the Circuit Court of Piatt County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 2, 1897.

C. F. MANSFIELD, S. R. REED and A. C. EDIE, attorneys for appellant.

M. R. DAVIDSON, attorney for appellee.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

This is a suit in assumpsit, brought by appellee against appellant, in the Circuit Court of Piatt County, to recover the sum of $1,032.25 for a bill of wagons, sold by appellee to one E. E. Garver, upon a written guaranty by appellant that said Garver would pay appellee for the said wagons.

The contract between appellant and appellee is contained in the written order and letters hereinafter copied in this opinion.

On July 12, 1895, a representative of appellee called on said Garver at his place of business in Mansfield, Ill., and took from him an order as follows :

"MANSFIELD, ILL., July 12, 1895.
OWENSBORO WAGON Co., Owensboro, Ky. :

Please ship at once, or as soon thereafter as possible, to E. E. Garver, *via* cheapest route, terms four months note, or five off thirty days (here follows description of wagons), which I agree to pay for, four months note, or five discount for cash in thirty days from invoice, in accordance with the following : No agreements with agents will be recognized unless so stated in order. The title of all goods shipped on this order shall be and remain in Owensboro Wagon Co. until they receive the money therefor. Taken subject to approval of Wagon Co.

(Signed)    E. E. GARVER,

J. L. ADAMS, Salesman.                    Mansfield, Ill."

On the same day this order was taken, the representative of appellee, who took the same, went into the banking house of the Farmers and Merchants Bank, at Mansfield, Ill., and had a talk with appellant, its cashier, touching the financial standing of said Garver; and thereupon appellant wrote across said order the following, to wit: "We would say this account is good and will be promptly met when due."

(Signed)    "Farmers & Merchants Bank,

L. M. Fairbanks, Cashier."

The order was then sent to appellee at Owensboro, Kentucky, and it wrote appellant the following letter, to wit:

Owensboro, Kentucky, 7–18–'95.

Mr. L. M. Fairbanks, Cashier, Farmers & Merchants Bank, Mansfield, Ill.

Dear Sir: We are in receipt of an order for twenty-five wagons from Mr. E. E. Garver, and we note the fact that you state in writing, across the face of the order, that " This account will be good, and same will be promptly met at maturity." We find, upon investigation, that Mr. Garver has no credit rating in Dunn or Bradstreet, so we beg to ask whether or not we are to understand that you will be responsible for the amount of this sale. We understand that Mr. Garver is a fine young man, though we simply do in this case as you would likely do by us, and hope to have your early reply, stating that you will see that this claim is paid promptly at maturity. We are anxious to sell Mr. Garver, and our representative has made him such prices that will place him on a competitive basis with any other dealer in your section of the country, and the low prices were made with the view of getting our work properly introduced there. We remain,

Owensboro Wagon Co."

To which letter appellant replied on July 19th as follows:

"Mansfield, Ill., 7–19–'95.

Owensboro Wagon Co.

Gentlemen: Yours of the 18th to hand. We have known Mr. Garver for a long time, also his people, and they are honorable and honest people. We have no hesitancy in

saying to you we will see to the prompt payment of his notes to you.         Yours truly,

L. M. FAIRBANKS, Cashier."

Upon the receipt of this letter from appellant, appellee shipped Garver the wagons, on his said order. Garver not paying appellee for the wagons, it brought this suit against appellant on March 11, 1896, which resulted in a judgment in the court below in favor of appellee and against appellant for $983 and costs. And appellant brings the case here by appeal.

In his brief in this court, appellant contends, *first*, that he ought not to be held personally liable in this case, because he says the contract of guaranty does not by its terms purport to bind him personally. But we think a fair construction of the contract of sale and guaranty, as it appears in said written order, the endorsement thereon, and the correspondence between appellant and appellee, and all the evidence contained in this record, is that appellant undertook personally to see to the prompt payment by Garver for the wagons he bought of appellee, under said order. See Williams et al. v. Miami Powder Co., 36 Ill. App. 107; Stobie et al. v. Dills, 62 Ill. 432; Hypes v. Griffin, Adm'r, etc., 89 Ill. 134; Sperry v. Fanning et al., 80 Ill. 371.

Appellant contends, *secondly*, that the evidence does not show his liability under this contract of guaranty, because the undertaking is " To secure the prompt payment of his (Garver's) notes," and inasmuch as Garver never gave appellee any notes, hence he is not liable in this action.

To so hold, we think would be too narrow a construction of this contract, because when the order, and letters of appellee and appellant are fully read, it is clearly manifest that before appellee approved Garver's order for the wagons and shipped the same to him, it wanted to know of appellant if he would become responsible for the amount of the sale of wagons to appellee (if it should fill Garver's order for the wagons). And appellant's reply to this request was, " We have no hesitancy in saying to you we will see to the prompt payment of his (Garver's) notes to you." And inas-

much as by the terms of the order signed by Garver and known to the appellant before he wrote his letter to appellee, Garver was to give his note to appellee due in four months or pay cash in thirty days with five per cent discount, we think the term "notes," used in appellant's letter to appellee, is easily understood, and when understood, ought not to permit appellant to escape liability in this action. See Kinsley v. Charnley, 33 Ill. App. 553.

"Courts look at the substance rather than the form of contracts, and seek for the real intention of the parties, as gathered from all its facts; and this, when ascertained, is the essence of the contract, and to this, legal effect is given." Smith et al. v. Riddell, 87 Ill. 169.

Finding no reversible error in the proceedings in the court below, and fully concurring with that court in its construction of the contract of guaranty sued on, we affirm its judgment in this case.　　Judgment affirmed.