### William Lumley v. Kinsella Glass Co.

1. PROMISSORY NOTES—*Signatures of Makers, When Descriptiones Personarum.*—In an action on a promissory note signed as follows—" U. S. Desk Manufacturing Co., Wm. Lumley, Sec'y," it is proper to instruct the jury that the presumption of law is that the note is the note both of the U. S. Desk Manufacturing Company and of Wm. Lumley, and that

unless such presumption is overcome by the evidence, the verdict must be in favor of the plaintiff and against both of the defendants in this case.

' 2. SIGNATURES—*Descriptio Personae.*—In this State the rule is that adding to the signature " Sec'y," is to be regarded as *descriptio personae* merely.

Assumpsit, on a promissory note. Error to the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed November 7, 1899.

SMITH, HELMER, MOULTON & PRICE, attorneys for plaintiff in error.

The instruction given for plaintiff below, that *prima facie* the notes offered in evidence were the personal obligations of both defendants, was error. Daniel on Negotiable Instruments, Secs. 300, 398, 400; Castle v. Belfast Foundry Co., 13 Cent. Law Journal, 373 (Me. 1881); Draper v. Mass. Steam Heating Co., 5 Allen 338; Abbot v. Shawmut Mut. F. Ins. Co., 3 Allen, 213; Atkins v. Brown, 59 Me. 90; Bradlee v. Boston Glass Co., 16 Pick. 347; Mann v. Chandler, 9 Mass. 335; Mott v. Hicks, 1 Cowen, 532; Latham v. Houston Flour Mills Co., 3 S. W. Rep. 462; Means v. Swormstedt, 32 Ind. 87; Hancock v. Yunker, 83 Ill. 208.

The form " We promise " is the proper and only proper form for a corporation note and this note did not indicate a joint liability. Burlingame v. Brewster, 79 Ill. 515; Newmarket Savgs. Bank v. Gillet, 100 Ill. 262; Scanlan v. Keith, 102 Ill. 645.

WICKET & BRUCE, attorneys for defendant in error.

The instruction, given, that the notes were *prima facie* the notes of both defendants, was correct. McNeil v. Shober & Carqueville Lith. Co., 144 Ill. 238; Powers v. Briggs 79 Ill. 493; Williams v. Miami Powder Co., 36 Ill. App. 107; Tama Water Co. v. Randall, 52 N. W. R. 208; Casco Natl. Bk. v. Clarke, 18 N. Y. 887; Heffner v. Brownell, 31 N. W. Rep. 947 (70 Iowa 591); Heffner v. Brownell, 39 N. W. Rep. 640; McCandless v. Belles

Plains Canning Co., 78 Iowa, 163; Stobie v. Dills, 62 Ill. 432; Village of Cahoka v. Rautenberg, 88 Ill. 219.

The notes were conclusively the notes of William Lumley and the United States Desk Manufacturing Company. Heffner v. Brownell, 70 Iowa, 591; Heffner v. Brownell, 39 N. W. Rep. 644; McCandless v. Belles Plains Canning Co., 78 Iowa, 163; Fiske v. Eldridge, 12 Gray, 474; Tama Water Power Co. v. Randall, 52 N. W. Rep. 208.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This suit was brought against the U. S. Desk Mfg. Co. and the plaintiff in error. Verdict and judgment were against both. The plaintiff in error—Lumley, alone brings the case to this court. The question in the case is as to the individual liability of plaintiff in error upon two promissory notes. One of them is as follows, viz:

"$200.                                    October, 11, 1895.

" Sixty days after date we promise to pay to the order of The Kinsella Glass Co. two hundred dollars, at 882 Elk Grove avenue, Chicago. Value received, with interest at six per cent. per annum.

U. S. DESK MANUFACTURING CO.

WM. LUMLEY, Sec'y."

The other note is the same as the above except as to the amount, and the time of payment.

At the trial the court, at the instance of defendant in error, gave to the jury the following instruction, viz.:

" The jury are instructed that the presumption of law is that the notes in evidence are the notes both of the U. S. Desk Manufacturing Company and of William Lumley, and that unless such presumption is overcome by the evidence their verdict must be in favor of the plaintiff, and against both of the two defendants in this case."

Counsel for plaintiff in error say that they rely for a reversal of the judgment of the Circuit Court upon the following " salient points stated * * * in the order of their importance," viz.:

" First. The instruction given for the plaintiff below entirely misstated the law, and was radical error.

Lumley v. Kinsella Glass Co.

Second.   The suit was brought upon an alleged obligation of joint liability.   No joint liability was shown by the evidence and a judgment against both defendants was wrong.

Third.   The whole evidence in the case failed to show any undertaking by the defendant Lumley."

There was no error in the giving of this instruction.   It states to the jury, as it is very fairly and concisely stated by counsel for plaintiff in error, that "*prima facie* the notes offered in evidence were the personal obligations of both defendants."

The rule is not uniform in the different States upon this question.   In this State the rule is that adding to the signature "Sec'y" is to be regarded as *descriptio personae* merely.   Williams v. Miami Powder Co., 36 Ill. App. 107, 114.

Upon the trial, parties were permitted to present testimony upon the question of whether it was the intention, at the time the notes were given, to make them as notes of the corporation only, and not to thereby create personal liability.   There was a sharp conflict in the testimony upon this point.   The finding of the jury is conclusive upon this court as to that question.   In submitting the case to the jury the trial court held correctly that *prima facie* the notes offered in evidence were the notes of both the defendants. McNeil v. Shober & Carqueville Lith. Co., 144 Ill. 238.

The instruction further states to the jury that unless the presumption—the *prima facie* case—is overcome by the evidence the verdict should be against both the defendants. The jury must have found that the evidence did not overcome the presumption and that it was the intention of the parties to create a personal liability.    That finding is conclusive upon this court, under the facts and circumstances as they appear in the record in this case.

The judgment of the Circuit Court is affirmed.