## Mary Duffner, Exr'x, v. John Ball et al., Impleaded with Girard Mercantile Association.

1. PLEADING—*Denial of Liability on a Promissory Note.*—By properly pleading to a declaration on a promissory note, signed in the name of a corporation by its officers, instead of demurring to it,.the officers who are sued upon it can raise the question as to whether the note is the promise of the corporation alone or of it and the officers jointly.

**Assumpsit**, on a promissory note.   Appeal from the Circuit Court of Macoupin County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1899.    Reversed and remanded, with directions.   Opinion filed December 13, 1899.

DAVID E. KEEFE and PEEBLES & PEEBLES, attorneys for appellant.

KNOTTS & TERRY, attorneys for appellees.

MR. JUSTICE BURROUGHS delivered the opinion of the court. This was an action in assumpsit by Mary Duffner, executrix of the will of Xavier Duffner, deceased, against the Girard Mercantile Association and the appellees jointly. The declaration contained one special and four of the common counts, the special count being as follows, to wit:

" In this action Mrs. Mary Duffner, the plaintiff, as executrix of the last will and testament of Xavier Duffner, deceased, by Peebles, Keefe and Peebles, her attorneys, complains of Girard Mercantile Association, John Ball, A. F. Hamilton and George Ball, defendants, of a plea of trespass on the case on promises.

For that, whereas, the. defendants  on the 23d day of May, in the year 1891, in the county of Macoupin and State of Illinois, were indebted to one Xavier Duffner in the sum of $1,000, and being so indebted the defendants, in consideration thereof, on that day made and executed their promissory note to the said Xavier Duffner, and delivered the same, which note is in the words and figures following, to wit:

$1,000.00                 Girard, Ill., May 23, 1891.

One year after date we promise to pay to the order of Xavier Duffner, one thousand dollars, at Girard, Ill., value received, with interest at eight per cent per annum.

Girard Mercantile Ass'n.

John Ball, President.

A. F. Hamilton, Treas.

George Ball, Sec'y.

By means whereof, the defendants became liable to pay to the said Xavier Duffner said sum of one thousand dollars, according to the tenor and effect of the said note, and being so liable, the defendants, in consideration thereof, then and there promised the said Xavier Duffner to pay the said sum of money in the said promissory note mentioned, according to the tenor and effect of said note. Yet although the day of payment in said note mentioned has long since elapsed, the defendants have not paid the same to the said Xavier Duffner in his lifetime, but refused so to do; and the plaintiff avers that the said Xavier Duffner departed this life on or about April 1, 1898, leaving a last will and testament, which has been admitted to probate and record by the County Court of Macoupin County, Illinois, in which will this plaintiff is nominated as the sole executrix thereof, and she has been appointed as such executrix by the said County Court of Macoupin County, and that she is now acting in said capacity. By means whereof the defendants became liable to pay to the plaintiffs the said sum of money in the said promissory note mentioned, according to the tenor and effect thereof, and being so liable, the defendants promised the plaintiff to pay to her the said sum of money in the said promissory note mentioned, according to the tenor and effect thereof. Yet the defendants have not paid the same or any part thereof, nor the interest thereof, to the plaintiff since the death of the said Xavier Duffner, although often thereto requested, but they refuse and neglect to pay the same, to the damage of the plaintiff of fifteen hundred dollars, whereof she brings her suit," etc.

The appellees, John Ball, A. F. Hamilton and George Ball, interposed a general demurrer to that count which the court sustained; plaintiff excepted and stood by the count; the court then gave judgment against the plaintiff for costs, and she excepted.

The appellant brings the case to this court by appeal, and assigns the following errors, to wit:

Duffner v. Ball.

" First.  The Circuit Court erred in sustaining the defendant's demurrer to the first count of the plaintiff's declaration.

Second.  The Circuit Court erred in rendering judgment in favor of the defendants, and against the plaintiff for costs."

Counsel for the appellant contend that the special count of the declaration sets out a good cause of action against all the defendants, and therefore the court committed prejudicial error when it sustained the demurrer thereto; while counsel for appellees insist that the note set out *in haec verba* in that count, by its terms and the manner of signing, shows that the Girard Mercantile Association, by the appellees as president, treasurer and secretary, executed it, and that the corporation alone is therefore liable; hence the court properly sustained the demurrer to that count, and, since the plaintiff stood by the count, the court also properly entered judgment against her for costs.

That the defendants were indebted to plaintiff's decedent in the sum of $1,000, and in consideration thereof executed and delivered to him their promissory note, in words and figures as set out in the special count, are, in our opinion, facts well pleaded, which, together with other facts manifestly well pleaded, state a good cause of action against all the defendants; and under the well-established rule of pleading the demurrer admitted all these facts, therefore the Circuit Court should have overruled the demurrer, and committed reversible error when it sustained the same.

Counsel for appellant and counsel for appellees, in their respective briefs and arguments filed in this court, have discussed the question whether the note described *in haec verba* in the special count, is the promise of the corporation alone or of it and the appellees jointly; but we do not feel called upon to decide that question, because it is not involved in the state of case made.

By properly pleading to the special count, instead of demurring to it, the appellees could have raised that question, and the court could then properly adjudicate upon it, as was done in Franklin v. Johnson, 147 Ill. 520.

For the errors above pointed out, we reverse the judgment of the Circuit Court and remand this case to that court, with directions to overrule the demurrer to the first count of the declaration, and then proceed therein as to law and justice appertain.

Judgment reversed and cause remanded, with directions.