### William C. Thompson v. Otto E. Hasselman.

#### Gen. No. 12,872.

1. PROMISSORY NOTE—*when prima facie corporate obligation only.* A note in the form following is *prima facie* a corporate obligation only:

"On demand after date we promise to pay to the order of Chicago Savings Bank, at its office in Chicago, seven thousand dollars for value received, with interest at the rate of 5 per cent. per annum, after Nov. 1, 1904.
                    WILLIAM C. THOMPSON CO.,
                    W. C. THOMPSON, Pt."

Action in *assumpsit.* Error to the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Reversed and remanded. Opinion filed February 1, 1907.

**Statement by the Court.** At the August term, A. D. 1905, of the Circuit Court of Cook county, defendant in error brought suit against William C. Thompson Co., a corporation, and plaintiff in error William C. Thompson, alleging in substance that they were jointly liable on a certain promissory note then owned and held by defendant in error, which said note in words and figures is as follows:

"$7,000.00.

                    CHICAGO, Nov. 9, 1904.

On demand after date we promise to pay to the order of Chicago Savings Bank, at its office in Chicago, Seven Thousand Dollars for value received, with interest at the rate of 5 per cent. per annum, after Nov. 1, 1904.
                    WILLIAM C. THOMPSON Co.,
                    W. C. THOMPSON, Pt."

Attached to the note is a description of collateral security pledged for payment of the note, with power of sale. This is signed "William C. Thompson Co., W. C. Thompson, Prst."

The corporation defaulted, thereby admitting its liability as alleged in the declaration. Plaintiff in error appeared by counsel and by agreement of the parties the cause was submitted to the court without a jury. Defendant in error called but one witness in his behalf, the cashier of the Chicago Savings Bank, by him proving the execution of the note, the ownership in defendant in error and the amount due; the note itself was introduced in evidence and the defendant in error then rested his case. No evidence was offered in behalf of the plaintiff in error, he electing to stand upon his motion for the court to find the issues for him on the ground that the note, on its face, is the note of the corporation, and not the joint note of William C. Thompson Co., a corporation, and plaintiff in error William C. Thompson. The court overruled the motion, and the plaintiff in error then rested his case. The court entered a joint judgment against both defendants, for the reversal of which this writ of error is now prosecuted.

NING ELEY and CHARLES G. NEELY, for plaintiff in error.

WILLIAM E. O'NEILL, for defendant in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is urged in behalf of plaintiff in error that where the body or signature of the instrument discloses the principal, the agent is not bound, that there is no specific form in which commercial paper must be signed by a corporation, that the use of the word "we" applies as well to a corporation as to individuals, and that the use of the words "per" or "by"

is not necessary to indicate agency. On the other hand defendant in error contends the note upon its face shows a *prima facie* joint liability on the part of the William C. Thompson Co., a corporation, together with William C. Thompson personally, and that in this state such words or abbreviations as "Pres.," "Secy.," etc., following the name of one signing a note are regarded as mere *descriptio personae*. These contentions of defendant in error are undoubtedly supported by some decided cases. One of these is Lumley v. Kinsella Glass Co., 85 Ill. App. 412, in which the name of the corporation was signed to the note followed by the signature "Wm. Lumley, Secy." The opinion in that case cites Williams v. Miami Powder Co., 36 Ill. App. 107-114. In the Lumley case the jury were instructed the presumption of law was that the instruments were the notes of both the corporation and of Lumley, but that this presumption might be overcome by evidence. It was held that the jury "must have found the evidence did not overcome the presumption that it was the intention of the parties to create a personal liability," and the judgment was affirmed, the jury having settled the question of fact. In McNeil v. Shober & Carqueville Lithographing Co., 144 Ill. 238-240, also cited in behalf of defendant in error, the name of the corporation was not signed to the note, nor did it purport in the body of the instrument to be the promise of the corporation. It might very well be regarded therefore *prima facie* as the note of the signers, although they had described themselves, the one as president of a corporation and the other as "treas." In Duffner v. Ball, 86 Ill. App. 519-521, the court was not called upon to decide and did not decide whether the note there involved was "the promise of the corporation alone or of it and the appellees jointly." These are cases in this state apparently relied upon in behalf of defendant in error.

It was said in Scanlan v. Keith, 102 Ill. 634-641: "The impossible task of reconciling the decisions on this branch of the law will not be attempted, nor would it subserve any good purpose to review any considerable number of the cases in other courts on this subject. They will be found as conflicting as the cases are numerous." This is no less true now than it was then. In that case the seal of the corporation was attached with the signature of "Sam'l. L. Keith, Prest. Chicago Ready Roof'g. Co.," and at the left hand at the usual place for signature of an attesting witness appeared the signature "W. H. Kretsinger, Sec'y.;" and it was said to be "apparent on the face of the note itself, it was executed by him (the president) as an officer of the corporation, and if it were not so apparent, it is admissible to show the attendant facts and circumstances by extrinsic evidence, from which there cannot be the slightest doubt it was the obligation of the corporation."

In the case at bar no evidence was introduced in behalf of the plaintiff in error, and the question is whether the note sued upon is, upon its face, the joint note of the corporation and of W. C. Thompson, who signs as "Pt." or "Prst." as it appears at the bottom of the power to sell collateral pledged as security for payment. It seems to be settled that "it needs no extrinsic evidence to show" a note executed by officers of a corporation under its corporate seal "is the obligation of the corporation" (Scanlan v. Keith, supra, p. 644), and it is said it would be inconceivable that a person familiar with the business transacted by a corporation should believe a note so executed to be "the individual note of the officers whose names are attached to it." In a case like the present, where the note is signed with the corporate name by an officer of the corporation who attaches his own name with his official title as president or whatever it may be, can there be an honest presumption by one who takes such note, in the absence of

Thompson v. Hasselman.

facts showing a contrary intent, that it is meant to be anything more than the note of the corporation? We think not. The fact that in the body of the note it reads "we promise to pay," is not significant in a note of the corporation. "The word 'we' may not improperly be used to denote a corporation aggregate." New Market Sav'gs. Bank v. Gillet, 100 Ill. 254-262. It is familiar usage to speak of a corporation as "they" or "them," and the word "we" is in common use by officers and employes of corporations. Conducted by stockholders, managed by directors and officers, the use of "we" is entirely natural and not likely to be misunderstood by those having occasion to deal with such bodies. In Draper v. Mass. Steam Heating Company, 87 Mass. 338, a note reading "We promise to pay," signed by the corporate name and "L. F., Treas.," was held to be the note of the corporation. In Williams v. Harris, 198 Ill. 501-505, it is said: "We do not regard the use of the words 'I or we' in the body of the note as affecting or changing the legal import of the instrument." Doubtless the better way is to use the name of the corporation in the body of the note, and to prefix the signature of the official with "by" or "per;" but in the usual course of business it is not to be expected, perhaps, that the ordinary business man will see any necessity of so doing, thinking not unnaturally that the use of his official title is ample indication of the character in which he signs. When an officer of a corporation deliberately intends to become personally liable jointly with his corporation on its paper, it would scarcely occur to him, we think, to attach his official title after his signature. In such case a payee accepting the note would be likely to see to it that the personal liability was clearly indicated. To hold an officer of a corporation personally liable when the holder of the note knows or ought to know that the officer merely intended by his official signature

to authenticate the obligation of the corporation is to set a trap for the unwary for which no sound reason seems to exist. In Miers v. Coates, 57 Ill. App. 216-221, no corporate seal was attached to the notes sued on. The signature of one of the notes was "Columbian Athletic Club, Dominick O'Malley, President." To the left at the bottom, where attesting signatures are usually placed, appeared the name "Chas. J. Miers, Treas." It was said by Mr. Justice Shepard, "the presumption is at least *prima facie* that the instrument is the obligation of the corporation and not of the individuals whose names with words descriptive of their official capacity follow the name of the corporation;" and further that "there certainly existed on the face of the signatures sufficient *indicia* that the notes were the notes of the corporation alone, to put anybody dealing with them on inquiry if it was sought to hold any one other than the corporation liable on them."

Practically the same state of facts existed in the case of Derby v. Gustafson, *post*, p. 281. The views there expressed and cases cited are applicable in the case at bar, and are in accord with our conclusions in this case. We are of opinion that in the absence of extrinsic evidence tending to show the contrary, the note in controversy must be deemed the note of the corporation alone, and not that of plaintiff in error.

The judgment of the Circuit Court must therefore be reversed and the cause remanded.

*Reversed and remanded.*