Peter Decowski, Defendant in Error, v. Albert F. Grabarski and Frank J. Tomczak, Plaintiffs in Error.

Gen. No. 18,120.

1.  NEGOTIABLE INSTRUMENTS—*effect of use of word "we" in note.* The use of the word "we" in a note which provides that "two years after date for value received we promise to pay," etc., indicates nothing as to whether the note was intended to be the individual obligation of the makers or the obligation of the corporation of which they are officers.

2.  NEGOTIABLE INSTRUMENTS—*liability of officers of corporation.* A *prima facie* case is made against the makers of a note individually by the introduction of the note, though it is signed by them as president and secretary.

3.  NEGOTIABLE INSTRUMENTS—*when evidence outside note to prove that it was not individual debt of makers proper.* In an action on a note, where the makers signed as president and as treasurer, it is proper to permit such makers to introduce evidence outside the note to prove that it was not for the individual indebtedness of the makers, but was given to plaintiff by a corporation of which the makers were president and secretary.

4.  NEGOTIABLE INSTRUMENTS—*when no recovery against makers individually.* There can be no recovery against the makers of a note individually if such makers signed as president and secretary and the note was given for a loan by a corporation of which the makers were president and secretary.

Error to the Municipal Court of Chicago, the HON. FRED L. FAKE, JR., Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and remanded. Opinion filed May 29, 1913.

**Statement by the Court.** Plaintiffs in error, hereinafter called defendants, are seeking in this court a reversal of a judgment obtained against them by Peter Decowski, hereinafter called plaintiff, on a *cognovit* under a power of attorney contained in a promissory note.

Defendants entered an appearance and filed an affidavit, whereupon leave was given to make a defense, the judgment to stand as security and the affidavit to stand as an affidavit of merits. A trial was had by the court, which found for the plaintiff and entered final judgment, confirming the judgment rendered against the defendants by confession.

The note in question is in part as follows:

"$83.34. Chicago, Ill. May 1, 1910.
Two years after date for value received we promise to pay to P. Decowski or order Eighty-three and 34/100 Dollars at our office 1112-1114 Milwaukee Ave.
* * * * * * * * * * *
Witness hand the day and year first above written. In presence of

ALBERT F. GRABARSKI, Pres.
F. J. TOMCZAK, Secy.

No............Due May 1, 1912."

By the affidavit of merits it was claimed, in substance, that the note was executed by the defendants as president and secretary, respectively, of a corporation called "The Bell," and that the note was the obligation of The Bell and not of the defendants individually; that no consideration had ever been received by them, as individuals, for the execution of the note; that in 1908 The Bell assessed its stockholders, among whom was the plaintiff; that said assessment was a

loan·by the stockholders to the corporation, and that the corporation evidenced its indebtedness to the plaintiff for the amount loaned by him to the corporation by giving him its promissory note for $83.34 due two years after date; that subsequently said corporation changed its officers, and the defendant Grabarski became its president, and the defendant Tomczak its secretary; that thereafter, upon the maturity of the aforesaid note, the defendants, acting for the corporation as president and secretary, respectively, executed and delivered to plaintiff a new note in place of the old note, upon which new note the judgment herein was entered, but which note was not the invididual indebtedness of the defendants but was executed and delivered as the indebtedness of the corporation.

WILLIAM REEDA, for plaintiffs in error.

DAVID & ZILLMAN, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

The question for our determination is whether or not the defendants, individually, are obligated by the note in question. From an examination of the record we find that the word "we" appearing in the note was inserted after its maturity, but by whom is not shown. However, we do not deem this to be important. The use of the word "we" in this connection indicates nothing as to whether the note was intended to be the obligation of the individuals or of the corporation. *New Market Sav. Bank v. Gillet,* 100 Ill. 254.

Examination of the decisions in the reported cases cited by respective counsel does not give definite assistance in arriving at a conclusion upon the issue before us.

It was said in *Scanlan v. Keith,* 102 Ill. 634 (641):

"The impossible task of reconciling the decisions on this branch of the law will not be attempted, nor would it subserve any good purpose to review any considerable number of the cases in other courts on this subject. They will be found to be as conflicting as the cases are numerous. Much of the contrariety observed in the decisions, both in the American States and in England, no doubt arises out of the equities of each case, and of an effort on the part of courts to carry out what was supposed to be the intention of the parties executing such notes or bills."

However, it seems to be fairly settled by the decisions in this state that a party will not be permitted to show by oral testimony that his written agreement, understandingly entered into, was not in fact to be binding upon him. And so it has been held in *Hypes v. Griffin*, 89 Ill. 134, and in *Powers v. Briggs*, 79 Ill. 493, that where the trustees of a church corporation made a note in their individual names, although they were described as trustees, parol evidence was inadmissible to show that it was the intention to make an indebtedness of the church corporation. But there is also another principle that where a party signs his name as the agent or officer of a corporation in the ordinary course of business, if it appears that it is the obligation of the corporation the officer is not personally liable, and that the facts may be shown by extrinsic evidence.

As was said in *Scanlan v. Keith, supra:*

"Most generally there is that on the face of the instrument itself,   *   *   *   that indicates unmistakably it is the obligation of the corporation. It is seldom any one takes such paper under the belief it is the obligation of the officers executing it on behalf of the corporation. But parol testimony is admissible to establish the facts, collateral though they may sometimes be, that will make it appear past all doubt whose obligation it is."

To the same effect is *Reed v. Fleming*, 209 Ill. 390. In *McNeil v. Shober & Carqueville Lith. Co.*, 144 Ill.

238, it was held that where the makers of the note have signed the same, one as president and the other as treasurer, that *prima facie* it was the note of the individuals, but that it was proper to submit "the question of fact to the jury, whether they intended to give their individual note, or to execute a note·for and on behalf of the ·corporation only."

In *Thompson v. Hasselman*, 131 Ill. App. 257, the court, speaking through Justice Freeman, in a case very similar to the one before us, said:

"When an officer of a corporation deliberately intends to become personally liable jointly with his corporation on its paper, it. would scarcely occur to him, we think, to attach his official title after his signature. In such case a payee accepting the note would be likely to see to ·it that the personal liability was clearly indicated. To hold an officer of a corporation personally liable when the holder of the note knows or ought to know that the officer merely intended by his official signature to authenticate the obligation of the corporation is to set a trap for the unwary for which no sound reason seems to exist."

In *Keidan v. Winegar*, 95 Mich. 430, the court discusses the general proposition in such apt words that we quote from the opinion at some length:

"As is so often said, it is the intent of the parties which is to be carried out .by the courts. The rule that rejects words added to the signature is an arbitrary one. Its reason is not so much that the words are not, or may not be, suggestive, but that they are but suggestive, and the instrument, as a whole, is not sufficiently complete to point to other parentage. The very suggestiveness of these added words has given rise to an irreconcilable confusion in the authorities as to the legal effect of such an instrument. Extrinsic evidence, therefore, is admissible in such case, between the immediate parties, to explain a suggestion contained on the face of the instrument, and to carry out the contract actually entered into as suggested, but not fully shown, by the note itself. The presump-

tion that persons dealing with negotiable instruments take them on the credit of the parties whose names appear should not be absolute in favor of the immediate payee, from whom the consideration passed, who must be deemed to have known all the facts and circumstances surrounding the inception of the note, and with such knowledge accepted a note containing such a suggestion.''

Applying these general statements to the particular case before us, it may be said that while plaintiff, by the introduction of the note, made a *prima facie* case against the defendants individually, yet the court properly permitted the defendants to introduce evidence outside the note to prove the matters of defense set forth in their affidavit of merits.

We think it is also clear that if the defendants were successful in establishing the facts as claimed in the affidavit of merits, there could be no recovery against them individually. Going, then, to the record, we find that both the defendants testified that they never had any personal dealings with the plaintiff, and that they did not know him except as a stockholder in The Bell; that some time during the year 1908, this company, which was engaged in a general merchandise business on Milwaukee avenue, went into a receiver's hands, and that an arrangement was made whereby the stockholders paid into the company, as a loan to it, an assessment of $3.33 on each share of stock, for which the company gave its notes; that at this time the defendants were not officers of the company, and that the defendant Tomczak was one of the stockholders who advanced money on this basis to the company, receiving its note therefor. There is testimony from which we think it can be reasonably inferred that the plaintiff, who was at that time a stockholder, received a similar note under the same arrangement.

From the abstract of record before us it appears that at this time the plaintiff was the manager of the

corporation; that subsequently the defendant Grabarski was elected president, and the defendant Tomczak secretary of The Bell; that thereafter many persons holding notes of the corporation had the notes renewed when they matured, and that this was done by the new president and secretary, the defendants, signing such renewal notes.

The bookkeeper testified that this particular note in question was given to renew an old note of The Bell company which fell due on May 1, 1910.

Without narrating the testimony more in detail, we have reached the conclusion, from a study of the entire record, that the averments contained in the affidavit of merits were substantially proven. It is a proper subject of comment that the plaintiff did not attempt to contradict any of the testimony offered by the defendants, although it is reasonable to presume that the plaintiff was fully acquainted with all the facts in connection with the execution of the note, and that if they had been otherwise than as claimed by the defendants he could easily have made it clear. However, he chose to rely solely upon his technical *prima facie* case made by the writing itself; and, as indicated above, we are of the opinion that the evidence overcame any presumption favorable to the plaintiff.

For the reasons above indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*